**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**CROWHURST,**                                              16-cv-00182 (JGK)

              **Plaintiff,**                 <u>**MEMORANDUM OPINION AND**</u>
                                                 <u>**ORDER**</u>
      - against -

**SZCZUCKI, ET AL.,**

              **Defendants.**

------------------------------------

**JOHN G. KOELTL, District Judge:**

    This action arises from injuries that the plaintiff, Jennifer Crowhurst, suffered as a result of an alleged assault. The plaintiff has brought claims for (1) medical malpractice against the defendant Dr. Denise Szczucki; (2) negligence against the defendants Hampton Inns LLC d/b/a Hampton Inn, Hampton Inn Management LLC d/b/a Hampton Inn, and the Hilton Hotel Group (collectively, the "Hilton defendants")[1]; (3) negligence against the defendants Sheryl Dicker Stein ("Sheryl Stein"), and Sheryl Dicker Stein as Administrator of the Estate of Norman Stein (the "Estate of Norman Stein")[2]; and (4) wage

---

[1] The Hilton defendants assert that "Hampton Inns Management LLC" is misidentified in the Complaint as "Hampton Inn Management LLC" and that the "Hilton Hotel Group" is not a valid legal entity. <u>See</u> Dkt. 25.

[2] By letter dated September 13, 2016, counsel for Norman Stein, who was originally named as a defendant in the Complaint, notified the Court that Mr. Stein had died. <u>See</u> Dkt. 58. By Order dated October 12, 2016, the action was stayed pending the substitution of a proper party for Mr. Stein pursuant to Rule 25

1

theft against the defendants the Estate of Norman Stein, Sheryl Stein, and Fannie Rebecca Stein ("Fannie Stein").[3]

The gist of the plaintiff's allegations is that Dr. Szczucki prescribed a series of psychiatric medications to Fannie Stein, presumably at Dr. Szczucki's office in New York. Thereafter, the plaintiff, who is a home health aide, accompanied Fannie Stein to a Hampton Inn in Pennsylvania, where Fannie Stein allegedly attacked the plaintiff as a result of the psychiatric medications prescribed by Dr. Szczucki. The plaintiff claims that negligence by the Hilton defendants in maintaining that Hampton Inn exacerbated the plaintiff's resulting injuries. It is also alleged that Norman Stein, Sheryl Stein, and Fannie Stein failed to pay the plaintiff the wages that the plaintiff was owed pursuant to the Fair Labor Standards Act (the "FLSA") and the New York Wage Theft Prevention Act.

"A pleading that states a claim for relief must contain a . . . short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). The plaintiff's Complaint asserts that the "basis for venue" in this Court is

---

of the Federal Rules of Civil Procedure. See Dkt. 65. In a separate Order dated February 7, 2017, the Estate of Norman Stein was substituted as a defendant in this action, and the stay was lifted. See Dkt. 80.

[3] The Complaint originally named Dr. Seth Leven as a defendant to the medical malpractice claim. Compl. ¶ 10. Pursuant to a stipulation between Dr. Leven and the plaintiff, Dr. Leven has been terminated with prejudice from this action. See Dkt. 23.

2

"diversity jurisdiction." See Compl. at 1. There is no other statement of jurisdiction.

Dr. Szczucki has moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Hilton defendants have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The defendants have not moved to dismiss the Complaint for want of subject matter jurisdiction. "Because of the limited jurisdiction of the federal courts, however, it is incumbent upon this court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking." John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Complaint does not elaborate the statutory basis for jurisdiction in this Court, but the grounds for jurisdiction are clearly predicated on 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States."[4]

"The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). "In other words, federal subject-matter jurisdiction based on diversity is unavailable unless [the plaintiff's] pleadings demonstrate that it does not share citizenship with any of the [defendants]." Id. "[A] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." John Birch Soc., 377 F.2d at 199. A limited liability corporation has the citizenship of each of its members for the purposes of diversity jurisdiction. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) (Sotomayor, J.); see also CRT Capital Grp. v. SLS Capital, S.A., 63 F. Supp. 3d 367, 371 n.1

---

[4] To the extent that the plaintiff seeks to base jurisdiction on federal question jurisdiction, 28 U.S.C. § 1331, based on the FLSA, that statutory basis could only support jurisdiction under Count IV against the Estate of Norman Stein, Sheryl Stein, and Fannie Stein for failure to pay wages. While a court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," it is doubtful that the remaining claims in the Complaint are part of the same case or controversy as the claim for unpaid wages. In any event, the plaintiff has not asserted jurisdiction based on the FLSA or supplemental jurisdiction.

(S.D.N.Y. 2014). "A corporation has the citizenship of both its place of incorporation and its principal place of business for the purposes of diversity jurisdiction." Berkshire II Real Estate Holdings, LLC v. Centro Hispano Daniel Torres, Inc., No. 12-cv-3936 (JGK), 2012 WL 2152827, at *1 (S.D.N.Y. June 13, 2012).

The Complaint does not attempt to allege the citizenship of the parties. The Complaint alleges the residence of the plaintiff in Connecticut, see Compl. ¶ 2; the address of an office where Dr. Szczucki conducts her medical practice in New York, see Compl. ¶ 5; and the residence of Norman Stein (before he was substituted in this action by the Estate of Norman Stein) and Sheryl Stein in New York, see Compl. ¶ 29. The Complaint does not allege the citizenship of the members of the defendants that are limited liability corporations. See Compl. ¶¶ 15-20. The Complaint alleges that the "global headquarters" of the Hilton Hotel Group is in Virginia, but does not allege the Hilton Hotel Group's place of incorporation or its principal place of business (assuming that the Hilton Hotel Group is a corporation --- the Complaint does not allege the legal status of the Hilton Hotel Group). See Compl. ¶ 17. The Complaint does not include any allegations with respect to the citizenship of Fannie Stein. The failure to allege the citizenship of the parties warrants dismissal of the Complaint. See Seedman v.

Hilton Hotel Corp., No. 99-cv-3561 (SAS), 1999 WL 1243874, at *2 (S.D.N.Y. Dec. 22, 1999) (citing Chateau Hip, Inc. v. Gilhuly, No. 95-cv-10320 (JGK), 1996 WL 437929, at *1 (S.D.N.Y. Aug. 2, 1996)).

Moreover, the claim for medical malpractice against Dr. Szczucki suffers from an additional defect that independently warrants dismissal of that claim at the threshold. "[T]o establish a claim of medical malpractice under New York law, a plaintiff must prove (1) that the defendant breached the standard of care in the community, and (2) that the breach proximately caused the plaintiff's injuries." Milano by Milano v. Freed, 64 F.3d 91, 95 (2d Cir. 1995) (citations and internal quotation marks omitted). New York law typically requires expert medical opinion evidence to make out both of these elements except as to matters within the ordinary experience and knowledge of laymen. Id. Where expert medical opinion evidence will be necessary for the plaintiff to meet the plaintiff's burden, N.Y. C.P.L.R 3012-a(a)(1) requires the plaintiff to submit a certificate of merit with the complaint "declaring that her attorney ha[s] reviewed the facts of the case and consulted with at least one physician knowledgeable regarding the relevant issues in this action, and that the attorney ha[s] concluded that there [is] a reasonable basis for the commencement of the action." Monzon v. Chiaramonte, 35 N.Y.S.3d 371, 373 (App. Div.

2016). "[A] state statute requiring a certificate of merit" --- such as N.Y. C.P.L.R 3012-a(a) --- is substantive law that applies in a federal diversity action." Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247, 249 (W.D.N.Y. 1998); see also In re Zyprexa Prod. Liab. Litig., No. 04-MD-1596 (JBW), 2008 WL 4850122, at *2 (E.D.N.Y. Nov. 6, 2008).

The plaintiff did not submit a certificate of merit with the Complaint pursuant to N.Y. C.P.L.R 3012-a(a)(1), or attempt to excuse the failure to do so. The claim against Dr. Szczucki relates to Dr. Szczucki's psychiatric treatment of the defendant Fannie Stein with various drugs, presumably at Dr. Szczucki's office in New York, a matter certainly outside the ordinary experience and knowledge of laymen. See, e.g., Perez v. Lenox Hill Hosp., 552 N.Y.S.2d 244, 245 (App. Div. 1990). Accordingly, the failure to submit the certificate of merit, or present reasons that would excuse the submission, also warrants dismissal of the medical malpractice claim.

The Complaint is dismissed without prejudice. Rule 15(a) provides that leave to file an amended complaint should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." (citation omitted)). Under the circumstances, the plaintiff

7

should be given the opportunity to cure the defects in the pleadings consistent with this opinion. See Moreno-Godoy v. Gallet Dreyer & Berkey, LLP, No. 14-cv-7082 (PAE), 2015 WL 5737565, at *7 (S.D.N.Y. Sept. 30, 2015) (quoting Ijemba v. Litchman, 127 F. App'x 5, 7 (2d Cir. 2005) (summary order)); Chateau Hip, 1996 WL 437929, at *6.

The pending motions to dismiss the Complaint are denied as moot without prejudice to renewal should the plaintiff decide to file an amended complaint.

## CONCLUSION

For the foregoing reasons, the plaintiff's Complaint is **dismissed without prejudice**. The plaintiff may file an amended complaint by March 7, 2017. The Clerk is directed to close all open motions.

**SO ORDERED.**

**Dated:    New York, New York**
**           February 7, 2017**

_____/s/_____
**John G. Koeltl**
**United States District Judge**

8