**LAW OFFICE OF LOWELL J. SIDNEY (LS 0406)**
*Attorney(s) for Plaintiff*
244 Fifth Avenue - Suite Q278
New York, New York   10001
(888) 222-0513

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
    JENNIFER CROWHURST,

                                                            1:16-CV-00182 (JGK)

                          Plaintiff,

       -*against*-

DR. DENISE SZCZUCKI, HAMPTON INNS
LLC d/b/a HAMPTON INN, HAMPTON INNS
MANAGEMENT LLC d/b/a HAMPTON INN,
HILTON HOTEL GROUP, SHERYL DICKER
STEIN AS ADMINISTRATOR OF THE
ESTATE OF NORMAN STEIN, and THE
FANNIE REBECCA DICKER STEIN SPECIAL
NEEDS TRUST,

                          Defendants.
----------------------------------------------------------------------X

**PLAINTIFF'S MOTION TO COMPEL**
**MATERIAL AND NECESSARY DISCOVERY**
**FROM DEFENDANT DR. SZCZUCKI**

          *On the Brief*:

          ***LOWELL J. SIDNEY, ESQ.***

          *Attorney(s) for Plaintiff*

          *244 5th Avenue – Suite Q278*

          *New York, New York   10001*

          *(888) 222-0513*

# **TABLE OF CONTENTS**

Introduction……………………………………………………….Pg. 4

Statement of Material Facts…………………………………    Pg. 5

Argument in Support
    **I.**    The Medical Records are material and necessary to the issues of the litigation……………………………………    Pg. 6

    **II.**    Sealing the medical records and testimony emanating therefrom can protect the privacy interests of the patient and her guardians……………………………………..    Pg. 8

Conclusion………………………………………………………  Pg. 9

# **TABLE OF CITATIONS**

*Allen v Crowell-Collier Pub. Co., 21 NY2d 403 (Ct. App., 1968)*……………..Pg. 6

*Cynthia B. v New Rochelle Hosp. Med. Ctr. 60 N.Y.2d 452458 N.E.2d 363470 N.Y.S.2d 122 (Court of Appeals 1983)*…………………………………………….Pg.7

*Edington v. Mutual Life Ins. Co. of N. Y., 67 N. Y. 185, 194; Richardson, Evidence, § 444, p. 453)*………………………………………………………………….Pg.8

*Gilbert-Frank Corp. v Guardsman Life Ins. Co., 78 AD2d 798*………………..Pg. 9

*Goetchius v. Spavento 84 A.D.3d 1712922 N.Y.S.2d 9052011 N.Y. Slip Op. 03750 (4th Dept., 2011).* ……………………………………………………………….Pg. 7

*People v Al-Kanani, 33 NY2 260 (Court of Appeals, 1973)*……………………..Pg.7

*Steinberg v. New York Life Ins. Co., 263 N. Y. 45; Edington v. Mutual Life Ins. Co. of N. Y., 67 N. Y. 185, 194; Richardson, Evidence, § 444, p. 453)*………………Pg.8

# INTRODUCTION

Lowell J. Sidney, Esq., a member of the Law Offices of Lowell J. Sidney for Plaintiff JENNIFER CROWHURST states the following as true under the penalty of perjury except as to those matters stated to be upon information and belief and as to those matters I believe them to be true:

1. I am an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York.

2. I am fully familiar with the facts and circumstances of this action based upon the file maintained by my office.

3. This Affirmation and accompanying Memorandum of Law is submitted in support of Plaintiff's Motion for the following relief:

   a. to compel Defendant Dr. Szcsucki to release the medical records of Fannie Rebecca Stein pursuant to Rule 37 of the Federal Rules of Civil Procedure; and

   b. to compel Defendant Sheryl Dicker Stein for the Estate of Norman Stein to provide a HIPAA-compliant authorization for the release of the medical records of Fannie Rebecca Stein[1];

   c. to seal the medical records and any testimony emanating therefrom; and,

   d. for such other further and different relief as to this court seems just, proper and equitable.

# STATEMENT OF MATERIAL FACTS

---

[1] Upon information and belief, Fannie Rebecca Stein was Norman Stein's ward at all relevant times

4. This action involves a November 22, 2015 assault on Plaintiff at a Hampton Inn by her autistic client Fannie Rebecca Stein, who was prescribed a cocktail of behavior-modifying contraindicated medications by Dr. Szczucki, and who also provided illegal drugs by her parent and lawful guardian, Norman Stein.

5. It is alleged that Fannie Rebecca Stein, as a result of taking these behavior modifying drugs, she attacked Plaintiff, causing mental and physical injuries including but not limited to knife cuts, human bites and permanent scarring therefrom; brain damage; post-concussion syndrome; post-traumatic amnesia; swelling of the brain; anxiety; depression; mental anguish; and spinal injuries requiring surgical intervention.

6. It is law of the case that Dr. Szcsucki owed Plaintiff a duty of care because it is reasonably foreseeable that Plaintiff could be harmed by a violent attack stemming from Dr. Szcsucki's prescriptions of a contraindicated cocktail of behavior-modifying drugs. The Stein Defendants have a cross-claim in contribution and indemnification against Dr. Szczucki.

7. Copies of Fannie Rebecca Stein's medical records from Dr. Szczucki as well as authorizations for the release of those records from Sheryl Dicker Stein as administrator of the Estate of Norman Stein (the lawful guardian of Fannie Rebecca Stein at all relevant times) were duly demanded during the course of documentary disclosure herein.

# ARGUMENT I.

## THE RECORDS ARE DISCOVERABLE, MATERIAL AND RELEVANT TO THE ISSUES OF THE LITIGATION

8. It is long well-settled that parties to litigation are entitled to full disclosure of all evidence material and necessary in the prosecution or defense of an action. The discovery provisions of the Federal Rules of Evidence and the New York Civil Practice Law and Rules have traditionally been liberally construed to require disclosure "of any facts bearing on the controversy which will assist (parties') preparation for trial", *see, Allen v Crowell-Collier Pub. Co., 21 NY2d 403 (Ct. App., 1968).*

9. It is submitted that the psychiatric records of Fannie Rebecca Stein are discoverable because the treatment Dr. Szczucki rendered to Ms. Stein was put into issue in the direct action. *See, Goetchius v. Spavento 84 A.D.3d 1712 922 N.Y.S.2d 905 2011 N.Y. Slip Op. 03750 (4th Dept., 2011).*

10. Furthermore, the Stein Defendants affirmatively placed their ward's mental condition in issue by virtue of filing cross-claims against Dr. Szczucki in contribution and indemnification. *Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 N.Y.2d 452 458 N.E.2d 363 470 N.Y.S.2d 122 (Court of Appeals 1983).*

11. Moreover, the medical records are discoverable because the guardians and representative for Fannie Rebecca Stein brought her psychiatric condition into issue in her criminal case in Pennsylvania and related actions, which were duly incorporated by reference into this action. *People v Al-Kanani, 33 NY2 260 (Court of Appeals, 1973).*

12.     For the foregoing reasons, each reason is sufficient in and of itself to warrant disclosure. It is submitted that the medical records and authorizations for those medical records be released by Dr. Szczucki and Sheryl Dicker Stein as Administrator of the Estate of Norman Stein, respectively.

### ARGUMENT II.

### SEALING THE MEDICAL RECORDS AND TESTIMONY EMANATING THEREFROM CAN PROTECT THE PRIVACY INTERESTS OF THE PATIENT AND HER GUARDIANS

13.     The purpose of the physician/patient confidentiality rule "is to protect those who are required to consult physicians from the disclosure of secrets imparted to them, to protect the relationship of patient and physician and to prevent the physicians from disclosing information which might result in humiliation, embarrassment or disgrace to patients" (*Steinberg v. New York Life Ins. Co., 263 N. Y. 45; Edington v. Mutual Life Ins. Co. of N. Y., 67 N. Y. 185, 194; Richardson, Evidence, §444, p. 453*).

14.     It would be unconscionable if the "embarrassment" to Fannie Rebecca Stein or her guardian Sheryl Dicker Stein as administrator for the Estate of Norman Stein was weighed more heavily than the rights of Plaintiff herein, who was rendered brain damaged and suffered injuries which had to be surgically repaired because Dr. Szczucki and Norman Stein provided to decidedly-disabled Fannie Rebecca Stein a mix of legal and illegal behavior-modifying drugs.

15.     To reconcile the need to protect a patient from the potentially detrimental effects of disclosing her psychiatric records to her and her family members,[2] *Gilbert-Frank Corp. v Guardsman Life Ins. Co., 78 AD2d 798*, it is respectfully submitted that the Honorable Court

---

[2]     It has been alleged by Fannie Rebecca Stein that the lawsuit caused Norman Stein to die during the pendency of this action. The cause of death has not been disclosed.

conduct an *in camera* inspection of such records before counsel for the parties only, and thereafter file the records and the testimony pertaining thereto under seal.

## CONCLUSION

16.     The medical records of Fannie Rebecca Stein are discoverable. Their materiality, relevance and necessity to this action are not outweighed by possible prejudice to the patient[3] and her guardians by a conditional release.

**WHEREFORE** Plaintiff prays that the Honorable Court enter an Order for the following relief:

 a. to compel Defendant Dr. Szcsucki to release the medical records of Fannie Rebecca Stein; and/or

 b. to compel Defendant Sheryl Dicker Stein, administrator for the estate of Norman Stein, to provide to counsel a HIPAA-compliant authorization for the medical records of Fannie Rebecca Stein;

 c. to seal such medical records and lodge, but not file, the designated medical records with the Court;

 d. to compel Defendant Dr. Szczucki to testify regarding communications by and with her patient Fannie Rebecca Stein; and

 e. for such other further and different relief as this court deems just, proper, and equitable.

---

[3]     We are NOT moving at this time to amend the Complaint to add Fannie Rebecca Stein as a direct defendant in assault and intentional or negligent infliction of emotional suffering and distress.

Dated: New York, New York
August 10, 2017

        **The Law Office of Lowell Sidney**

        _____
        **By: LOWELL J. SIDNEY, ESQ.**
        *Attorney(s) for Plaintiff*
        244 5th Avenue - Q278
        New York, New York  10001
        Tel: **(888) 222-0513**

To:

Koster Brady & Nagler, LLP
*For Dr. Denise Szczucki, MD*
One Whitehall Street, 10th Floor
New York, New York  10004
Tel: (212) 248 8800
Fax: (212) 248-6815

Ahmuty, Demers & McManus
*For Hampton Defendants*
200 I.U. Willets Road
Albertson, New York  11507
Tel: (516) 535-1887
Fax: (516) 294-5387

Davidoff Hutcher & Citron LLP
*For Stein Defendants*
605 Third Avenue
New York, New York  10158
Tel: (212) 557-7200
Fax: (212) 286-1884