IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JENNIFER CROWHURST,

                    Plaintiffs,

vs.

DR. DENISE SZCZUCKI, HAMPTON INNS LLC
D/B/A/ HAMPTON INN, HAMPTON INNS
MANAGEMENT LLC D/B/A HAMPTON INN,
HILTON HOTEL GROUP, SHERYL DICKER STEIN
AS ADMINISTRATOR OF THE ESTATE OF
NORMAN STEIN AND THE FANNIE REBECCA
DICKER STEIN SPECIAL NEEDS TRUST,

                    Defendants.

Index No. 16-CV-182 (JGK)(GWG)

# MEMORANDUM IN SUPPORT OF THE TRUST'S MOTION IN LIMINE

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Defendant*
*The Fannie Rebecca Dicker Stein Special Needs Trust*
605 Third Avenue
New York, New York 10158
(212) 557-7200

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ..................................................................................................................... 3

POINT I  EVIDENCE AND TESTIMONY OF PUNITIVE DAMAGES
AND CROWHURST'S ALLEGED EMMOTIONAL DISTRESS SHOULD BE
EXCLUDED. ...................................................................................................................... 4

POINT II  EVIDENCE AND TESTIMONY CONCERNING THE
CONNECTICUT ACTIONS SHOULD BE EXCLUDED ................................................. 8

POINT III  EVIDENCE AND TESTIMONY CONCERNING BECKY STEIN'S
VITRIOLIC EMAILS AND TEXT MESSAGES SHOULD BE PRECLUDED ............ 11

POINT IV  EVIDENCE AND TESTIMONY CONCERNING UNDISCLOSED
TEXT MESSAGES FROM THE STEINS ALLEGEDLY THREATENING
CROWHURST FOR REQUESTING PAYMENT SHOULD BE PRECLUDED .......... 12

POINT V SHAMEL THOMPSON'S TESTIMONY SHOULD BE PRELUDED .......... 13

POINT VI  CROWHURST HAS FAILED TO SET FORTH PUNITIVE
DAMAGES AND EMOTIONAL DISTRESS DAMAGES IN HER INITIAL
DISCLOSURES .............................................................................................................. 15

POINT VII  IN ADDITION TO PRECLUSION, THE COURT SHOULD AWARD
DEFENDANTS' ITS ATTORNEYS' FEES ASSOCIATED WITH THIS
APPLICATION. .............................................................................................................. 17

SUBMISSION ................................................................................................................. 18

# **TABLE OF AUTHORITIES**

Page

## **Cases**

*Andrade v. 168 First Ave Restaurant Ltd.*, 2016 WL 3141567,
  at *9 n.7 (S.D.N.Y. June 3, 2016) ................................................................... 5

*Carter v. Frito-Law, Inc.* 74 A.D.2D 550, 425 N.Y.S.2D 80 (1st Dep't 1980),
  *aff'd* 52 N.Y.2d 994, 438 N.Y.S.2d 80, (1981) ............................................. 6

*Castillo v. RV Transp., Inc.*, No. 15cv0527 (LGS), 2016 WL 1417848,
  at *3 (S.D.N.Y. Apr. 11, 2016) ....................................................................... 5

*Chun Jie Yin v. Kim*, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008) ............................ 5

*Cocoletzi v. Fat Sal's Pizza II, Corp.*, 2019 WL 92456, at *5 (S.D.N.Y. Jan. 3, 2019) ..... 5

*ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F.Supp.2d 383 (S.D.N.Y.1999) ............ 15

*Haas v. Delaware & Hudson Ry. Co.*, 282 Fed. Appx. 84 (2d Cir. 2008) ....................... 16

*Haifeng Xie v. Sakura Kai I Inc.* 2019 WL 1568756 at *7 (E.D.N.Y. Apr. 11, 2019)
  *report & recommendation adopted* 2019 WL 1568756 (E.D.N.Y. Apr. 11, 2019) ....... 7

*Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192 (D. Conn. 2009) ............... 7, 8, 11, 12

*Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp.3d 257 (S.D.N.Y. 2015) ........ 7, 11, 12

*Highland Capital Mgmt, L.P. v. Schneider*, 379 F.Supp.2d 461 (S.D.N.Y.2005) .............. 4

*Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) .......... 4

*Huddleston v. United States*, 485 U.S. 681 (1988) ............................................................. 8

*Levinson v. Westport Nat. Bank*, No. 3:09-CV-1955, 2013 WL 3280013,
  at *3 (D. Conn. June 27, 2013) ....................................................................... 4

*McCarrick v. N.Y.C. Off-Track Betting Corp.*, 91 Civ. 5626, 1995 WL 261516,
  at *5 (S.D.N.Y. May 3, 1995) ......................................................................... 14

*Mejia v. East Manor USA Inc.*, 2013 WL 3023505, at *8 n.11
  (E.D.N.Y. Apr. 19, 2013), *report and recommendation adopted*, 2013
  WL 2152176 (May 17, 2013) ........................................................................... 6

*Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) .............................................................. 6

*Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) ............................................................... 4

*Rana v. Islam,* 210 F. Supp.3d at 516-517 (S.D.N.Y. 2016) .............................................. 7

*Rana v. Islam*, 887 F.3d 118 (2d Cir. 2018) .................................................................. 5, 7

*Reilly v. Natwest Mkts Grp. Inc.* 181 F.3d 253 (2d Cir. 1999) ........................................ 6

*Ricketts v. City of Hartford*, 74 F.3d 1397 (2d Cir.1996) ................................................ 15

*Santillan v. Henao*, 822 F. Supp. 2d 284 (E.D.N.Y. 2011) ............................................... 5

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008)........................................ 4

*Travis v. Gary Cmty. Mental Health Ctr.*, Inc., 921 F.2d 108 (7th Cir. 1990) .................. 6

*U.S. v. Al Kassar*, 660 F.3d 108 (2d Cir. 2011) ............................................................... 14

*United States v. Aboumoussallem*, 726 F.2d 906 (2d Cir.1984) ...................................... 15

*Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536 (S.D.N.Y. 2005) .......................... 14

### Statutes

N.Y. Lab. Law § 198(3) .................................................................................................... 5

N.Y. Lab. Law § 663(1) .................................................................................................... 5

### Rules

29 U.S.C. § 207(a)(1)....................................................................................................... 5

29 U.S.C. § 216(b) ........................................................................................................... 6

Fed. R. Civ. P. 37(c)(1)............................................................................................... 16, 17

Fed. R. Evid. 401, 402, and 403........................................................................... 3, 4, 7, 15

Fed. R. Evid. 406 ............................................................................................................. 14

Rule 26(a) or (e)......................................................................................................... 16, 17

Rule 37(b)(2)(A)(i)-(vi) ................................................................................................... 17

## PRELIMINARY STATEMENT

Plaintiff, Jennifer Crowhurst ("Plaintiff" or "Crowhurst") continues this action even after the Fannie Rebecca Dicker Stein Special Needs Trust (the "Trust"), has offered payment in full of Crowhurst's only remaining claim for damages against the Trust.

On her remaining Fourth Cause of Action (the "Labor Law Claim") in the Second Amended Complaint against the Trust brought pursuant to the Fair Labor Standard Act ("FLSA") and the New York State Labor Law ("NYLL"), *see* Spund Decl., **Ex. A**, Crowhurst demands the sum of $19,160.00, plus legal fees, expenses, and interest thereon, representing $8,580.00 in allegedly unpaid wages and overtime, $8,580.00 in liquidated damages thereon, and $2,000.00 for an alleged unrepaid loan made by Crowhurst.

As this Court has been advised, although not admitting liability, the Trust has offered to settle the Labor Law Claim for the full amount demanded by Crowhurst, plus liquidated damages, costs, and prejudgment interest on the wage portion from December of 2015, leaving the issue of reasonable legal fees incurred by Crowhurst in pursuing her Labor Law Claim to the Court.[1] *See* Spund Decl., at ¶ 4. To date, however, Crowhurst's counsel has failed and refused to reveal the costs or his legal fees for the Labor Law Claim. Instead, Crowhurst summarily rejected the settlement offer, and refused to even negotiate a resolution of the Labor Law Claim.[2] *See* Spund Decl., at ¶ 6.

---

[1] The Trust served a Rule 68 Offer of Judgment for $22,500 to include the wages, overtime, interest and costs exclusive of legal fees. *See* Spund Decl., at ¶ 5.

[2] In an email dated February 27, 2017, Plaintiff's counsel wrote to the undersigned: "I would prefer if you keep negotiating against yourself. I just came off Trial in King County 30 minutes ago - got a $600K jury verdict on a dog bite (psych injuries only), so am taking the rest of the day off." In a second email of the same day to the undersigned, Plaintiff's counsel wrote, "[w]in some, lose some. Take whatever action you deem appropriate but we will not counter your paltry offer and Plaintiff isn't interested in mediation." Spund Decl., at ¶ 7.

The ostensible reason that Crowhurst has rejected the Trust's settlement offer, which provides her nearly everything she demanded on the Labor Law Claim in the Second Amended Complaint, can be found in the April 26, 2019 letter of Crowhurst's counsel, Lowell J. Sidney, Esq. to the Honorable John G. Koeltl, U.S.D.J. (the "Sidney Letter"), *see* Spund Decl., **Ex. B**, wherein Mr. Sidney wrote that "[a]lthough punitive damages and emotional damages were not alleged at the time of the complaint, as amended, those damages have since accrued on account of the longstanding withholdings." Thus, following dismissal of her negligence claim against fellow Stein Defendant Sheryl Dicker Stein as administrator of the Estate of Norman Stein (the "Estate"), Crowhurst has correspondingly elected to alter her legal theory, claiming for the first time ever both emotional distress and punitive damages by virtue of allegedly being deprived $8,580.00 in wages and $2,000 on an unpaid loan, and will undoubtedly try to support such claim at trial with evidence and testimony.

Aside from her transparently duplicitous rewriting of the Second Amended Complaint, there are numerous issues with Crowhurst's newfound claimed entitlement to punitive and emotional distress damages on the Labor Law Claim:

- First, neither the FLSA nor the NYLL permit the recovery of emotional distress or punitive damages. Aside from interest, costs, and attorney's fees, the only damages available to a prevailing plaintiff on wage and hour claims asserted pursuant thereto are actual and liquidated damages, which amounts the Trust offered to pay Crowhurst in full.

- Second, not a single piece of evidence proffered in this Action – whether in the form of Crowhurst's testimony, expert reports and expert testimony, or otherwise – even remotely suggests that the alleged denial of the wages allegedly owed to Crowhurst has caused Crowhurst any degree of emotional distress.

- Third, upon information and belief, Crowhurst has received hundreds of thousands of dollars in workers compensation benefits since the date of her alleged injuries. *See* Spund Decl., at ¶ 8.

- Fourth, Crowhurst failed to plead her alleged entitlement to emotional distress or punitive damages in either the Second Amended Complaint or any of her disclosures to the Trust. *See* Spund Decl., **Ex. A**.

Accordingly, evidence or testimony about emotional distress Crowhurst allegedly suffered by virtue of allegedly being deprived of $8,520.00 in wages and $2,000 on an unpaid loan, should be excluded from trial pursuant to Federal Rules of Evidence 401, 402, and 403.

In addition to (1) evidence and testimony about emotional distress Crowhurst allegedly suffered by virtue of allegedly being deprived $8,520.00 in wages and $2,000 on an unpaid loan, Crowhurst seeks to introduce (2) evidence concerning litigations in Connecticut State Court between Crowhurst and Fannie Rebecca Dicker Stein ("Becky Stein"), (3) evidence concerning Becky Stein's vitriolic emails and text messages to Crowhurst, which were all sent well after Becky Stein's alleged assault of Crowhurst, (4) evidence of alleged text messages from "the Steins" allegedly threatening Crowhurst for requesting payment, which messages were never disclosed, and about which Crowhurst has deliberately refused to identify which "Stein" she refers to, and (5) "pattern and practice" testimony of former Trust employee Shamel Thompson.

As set forth in greater detail below, the aforementioned evidence, like the emotional distress and punitive damages evidence previously discussed herein, has no relevance whatsoever to the Labor Law Claim, and will be offered for the sole reason of confusing the jury and prejudicing the Trust. Ultimately, Crowhurst has asserted a wage and hour claim. However, it now appears that she wishes to litigate not just her allegedly owed wages, but each and every negative act she believes that the Trust and those associated therewith have ever committed. The Court should not let this circus engineered by Crowhurst proceed as she intends.

## ARGUMENT

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, (2008) ("Assessing the probative value of [the proffered evidence], and weighing any factors

counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403.").

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Levinson v. Westport Nat. Bank*, No. 3:09-CV-1955, 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996. "In ruling on a motion *in limine*, the court makes a 'preliminary determination on the admissibility of evidence under Rule 104 of the Federal Rules of Evidence.' " *Highland Capital Mgmt, L.P. v. Schneider*, 379 F.Supp.2d 461, 467 (S.D.N.Y.2005).

The instant motion *in limine* is substantially predicated on Fed. R. Evid. 401, defining relevant evidence, Fed. R. Evid. 402, barring irrelevant evidence, and Fed. R. Evid. 403, empowering courts to preclude evidence deemed unduly prejudicial or otherwise insufficiently probative to warrant an expenditure of trial time.

## POINT I

### EVIDENCE AND TESTIMONY OF PUNITIVE DAMAGES AND CROWHURST'S ALLEGED EMMOTIONAL DISTRESS SHOULD BE EXCLUDED.

Crowhurst seeks to introduce evidence purportedly in support of her claimed entitlement to emotional distress and punitive damages arising out of the Trust's alleged failures to pay her $8,520.00 of wages and overtime and to repay her a $2,000 loan she allegedly made to Fannie Rebecca Dicker Stein ("Becky Stein"). However, neither emotional distress nor punitive damages are available to Crowhurst under either the FLSA or NYLL.

Pursuant to the FLSA, an employee is entitled to be paid for overtime hours (i.e., hours exceeding 40 per week) at a "rate not less than one and one-half times the regular rate at which

[the employee] is employed," 29 U.S.C. § 207(a)(1), and a plaintiff with a successful overtime claim under the FLSA is entitled to recover all unpaid overtime premium in an amount up to, but not exceeding, these statutory amounts. *See Cocoletzi v. Fat Sal's Pizza II, Corp.*, 2019 WL 92456, at *5 (S.D.N.Y. Jan. 3, 2019), *report and recommendation adopted* (Jan. 3, 2019) (citing *Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011)). Similarly, under the NYLL, a prevailing plaintiff is entitled to recover "the full amount of wages owed. *See Chun Jie Yin v. Kim*, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008); *see also* N.Y. Lab. Law § 198(3) ("All employees shall have the right to recover full wages . . . accrued during the six years previous to the commencing of such action.").

Both the FLSA and NYLL also provide for the recovery of liquidated damages in an amount equal to 100% of the amount of unpaid wages and overtime compensation that the plaintiff is entitled to unless the employer demonstrates that it acted in good faith and had a reasonable basis for believing that it had not violated. *See* 29 U.S.C. § 260; N.Y. Lab. Law § 663(1). Moreover the Second Circuit has clarified that double recovery is not permitted, *id.*; *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (interpreting the NYLL and FLSA as "not allowing duplicative liquidated damages for the same course of conduct").

While prejudgment interest is not available under the FLSA in actions, such as this one, where both FLSA and NYLL claims are brought, *see Andrade v. 168 First Ave Restaurant Ltd.*, 2016 WL 3141567, at *9 n.7 (S.D.N.Y. June 3, 2016), it is available on unpaid wages under the NYLL. *See Castillo v. RV Transp., Inc.*, No. 15cv0527 (LGS), 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016); *but see Mejia v. East Manor USA Inc.*, 2013 WL 3023505, at *8 n.11 (E.D.N.Y. Apr. 19, 2013), *report and recommendation adopted*, 2013 WL 2152176 (May 17, 2013) ("Prejudgment interest is calculated . . . on the unpaid wages due under the NYLL, *not on the liquidated damages awarded under the state law*.") (emphasis added).

Notably absent from damages available for wage and hour claims under the FLSA and NYLL are punitive damages or emotional distress damages.

While some courts have permitted emotional distress damages for violating the FLSA's anti-retaliation provision, which Crowhurst has not alleged here, *see generally Travis v. Gary Cmty. Mental Health Ctr.*, Inc., 921 F.2d 108, 112 (7th Cir. 1990) (analyzing the relief available under 29 U.S.C. § 216(b) for claims of retaliation); *Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004) (same), none have permitted such damages for claims of unpaid wages or overtime premiums. Indeed, we have reviewed every single FLSA and NYLL case in which emotional distress damages were awarded by this Court over the past five years, and in not one of those cases were such awards of emotional distress damages based upon wage and hour claims. *See* Spund Decl., at ¶ 3.

Moreover, courts in this Circuit do not permit punitive damages for claims arising out of unpaid wages or overtime. Again, we have reviewed every single FLSA and NYLL case in which punitive damages were awarded by this Court over the past five years, and in not one of those cases were such awards of punitive damages based upon claims arising out of unpaid wages or overtime**.** *See* Spund Decl., at ¶ 3. In fact, courts have uniformly held that liquidated damages awarded pursuant to the NYLL are not compensatory, but rather "constitute a penalty to deter an employer's willful withholding of wages due," thereby rendering Crowhurst's claimed entitlement to punitive damages baseless. *See Reilly v. Natwest Mkts Grp. Inc.* 181 F.3d 253,265 (2d Cir. 1999) (quoting *Carter v. Frito-Law, Inc.* 74 A.D.2D 550,551, 425 N.Y.S.2D 80 (1st Dep't 1980), *aff'd* 52 N.Y.2d 994, 438 N.Y.S.2d 80, (1981);. *see also Haifeng Xie v. Sakura Kai I Inc.* 2019 WL 1568756 at *7 (E.D.N.Y. Apr. 11, 2019) *report & recommendation adopted* 2019 WL 1568756 (E.D.N.Y. Apr. 11, 2019).

Plaintiff's counsel, in his letter arguing Plaintiff's entitlement to punitive damages and damages for emotional distress under the Labor Law Claim, deliberately mischaracterizes the ruling in *Rana v. Islam*, 887 F.3d 118 (2nd Cir. 2018) in a blatant attempt at misdirection. *See* Decision, Spund Decl., **Ex. C**. *Rana*, which was substantially adopted by the Second Circuit, provided for both punitive damages and damages for emotional distress under the federal Trafficking Victim Protection Reauthorization Act, not under the plaintiff's labor law claims. *See* 210 F. Supp.3d at 516-517 (S.D.N.Y. 2016). Contrary to Crowhurst's claims, the plaintiff in *Rana* was not awarded these damages for non-payment of wages. Accordingly, the case is wholly inapposite to the facts of this action.

Under no colorable legal theory is there any legal basis for Crowhurst's purported entitlement to either emotional distress or punitive damages under the Labor Law Claim, and Crowhurst is incapable of identifying even one authority that could remotely support her position.

"Under Rule 401, evidence is relevant when it has any tendency to make a material fact more or less probable than it would be without the evidence. A material fact is one that would affect the outcome of the suit under the governing law." *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp.3d 257 (S.D.N.Y. 2015) (citations and internal quotations omitted). Naturally, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. As Rule 401 itself acknowledges, evidence that would tend to alter the probable existence or non-existence of a consequential fact or a proposition to be proved is relevant evidence." *Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 194-95 (D. Conn. 2009) (citing, *inter alia*, *Huddleston v. United States*, 485 U.S. 681, 689, (1988)) ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Here, it is indisputable that evidence purportedly in support of Crowhurst's entitlement to emotional distress and punitive damages arising out of alleged non-payment of wages and an unpaid loan has absolutely no probative weight to the parties' respective claims and defenses concerning the Labor Law Claim and is singularly irrelevant.

Moreover, even if such evidence were relevant – which as set forth above, it is not – such evidence would be extremely prejudicial to the Trust. "That evidence is relevant and admissible, however, does not mean that a court should admit it if the probative value of the evidence is substantially outweighed by other concerns, such as unfair prejudice, undue delay, or waste of time." *Hardy*, 629 F. Supp. 2d at 195 (citing, inter alia, Fed. R. Evid. 403). Inclusion of any evidence concerning Crowhurst's alleged emotion distress arising out of her alleged denial of payment of wages and overtime and an unpaid loan would indeed be 'unfair' as it (a) was never pleaded and (b) would unquestionably have an 'adverse effect beyond tending to prove any fact or issue. *Id.*

Accordingly, Crowhurst should be precluded from submitting any evidence supporting a claim of emotional distress and/or punitive damages for the Trusts failure to pay the wages, overtime and repay the loan.

## POINT II

### EVIDENCE AND TESTIMONY CONCERNING THE CONNECTICUT ACTIONS SHOULD BE EXCLUDED

Crowhurst seeks to introduce evidence concerning litigations in Connecticut State Court (the "Connecticut Actions") between Crowhurst and Fannie Rebecca Dicker Stein ("Becky Stein"). Specifically, she seeks to introduce a copy of a decision of the Connecticut Superior Court dismissing an action for Abuse of Process brought by Becky Stein against Crowhurst. *See* CT Decision. *See* Spund Decl., **Ex. D**. However, as set forth more fully in the Spund Declaration

and below, the Connecticut Actions have no relevance whatsoever to the Labor Law Claim, as does the cited decision, which was based solely upon a lack of personal jurisdiction due to defective service. *See id.*

On March 28, 2017, Becky Stein filed a lawsuit in Connecticut Superior Court for abuse of process and negligent infliction of emotional distress (the "First Abuse of Process Case"; Docket No.: FST-CV17-6031599-S). The lawsuit arose out of Crowhurst's repeated filing of the following meritless restraining order applications against Becky Stein:

- On or about August 1, 2016, Crowhurst filed her first application for a Civil Protection Order against Stein, *claiming only harassment*[3] (the "First Application"; Docket No.: FST-CV16-4030033-S), which was dismissed after Crowhurst failed to serve the First Application and failed to appear at the scheduled hearing.

- On or about January 11, 2017, Crowhurst filed her second application for a Civil Protection Order against Becky Stein *claiming only harassment* (the "Second Application"; Docket No.: FST-CV17-4030273-S), which was dismissed because Crowhurst failed to file a return of service with the Stamford Superior Court.

- On or about January 23, 2017, Crowhurst filed her third application for a Civil Protection Order against Becky Stein, *again alleging harassment* (the "Third Application"; Docket No.: FST-CV17-4030289-S), which was again dismissed because Crowhurst failed to file a return of service with the Stamford Superior Court.

- On or about February 6, 2017, Crowhurst filed her fourth application for a Civil Protection Order against Becky Stein, *again alleging only harassment* (the "Fourth Application"; FST-CV17-4030304-S), which was dismissed after Crowhurst would not agree to a continuance date with Becky Stein's counsel.

- On or about February 21, 2017, Crowhurst filed her fifth application for a Civil Protection Order against Becky Stein, *again alleging only harassment* (the "Fifth Application"; FST-CV17-4030317-S), which the Court dismissed after a hearing on the merits. Crowhurst filed a motion to re-argue, which was denied on March 30, 2017.

*See* Spund Decl., at ¶ 9.

---

[3] Under Connecticut law, in order to obtain a Civil Protection Order an applicant must prove sexual assault, sexual harassment, or stalking.

The First Abuse of Process Case was ultimately dismissed following an evidentiary proceeding in which the court determined that Crowhurst had moved from her prior residence and therefore, had not been properly served pursuant to Connecticut law. *See* Spund Decl., Ex. D; *id.*, at ¶ 10.

Becky Stein re-filed her abuse of process claim (the "Second Abuse of Process Case"; Docket No.: FST-CV17-6033418-S) on September 26, 2017.   On September 29, 2017, Crowhurst answered and filed a counterclaim for intentional assault and battery and intentional infliction of emotional distress ("Crowhurst's Assault Counterclaim"; described below) based upon the exact same facts underlying the instant action.  On April 12, 2018, the Second Abuse of Process case was voluntarily withdrawn; Crowhurst's Assault Counterclaim remained active and is currently pending. *See* Spund Decl., at ¶ 11.

On March 11, 2019, Crowhurst filed a vexatious litigation claim against Becky Stein, Ernest Dicker, and Sheryl Dicker Stein in Connecticut (the "Vexatious Litigation Case"; Docket No: FST-CV19-6040416-S).  The Vexatious Litigation Case claims that Becky Stein's First and Second Abuse of Process Claims were brought against Crowhurst without probable cause or reasonable basis, and with the intention of causing Crowhurst emotional distress.  The Vexatious Litigation Case further alleges that Ernest Dicker (Becky's Grandfather) and Sheryl Dicker Stein "initiated and/or procured" Becky Stein's First and Second Abuse of Process claims on behalf of Becky Stein with knowledge that they lacked probable cause, and with the intention of causing Crowhurst emotional distress. No answer is yet due in that action which is pending. *See* Spund Decl., at ¶ 12.

The reason the Trust has chosen to appraise this Court of the facts concerning the Connecticut litigations in such great detail is to conclusively establish their complete lack of relevance to any facts even remotely germane to the Labor Law Claim. Indeed, under no

circumstances do any of the aforementioned facts have any tendency to make the issue of the

Trust's alleged non-payment of wages and failure to repay an alleged $2,000 loan, or any of the

circumstances surrounding such alleged conduct more or less probable. *See Hart v. RCI*

*Hospitality Holdings, Inc.*, 90 F. Supp.3d 257 (S.D.N.Y. 2015). Furthermore, it is clear that

Crowhurst seeks to wrongly conflate the actions of non-party Becky Stein in the Connecticut

Actions with the wholly unrelated conduct of the Trust in this Action. Accordingly, any attempt

to introduce evidence concerning these facts or the decision of the Court in Connecticut would

not only result in undue delay and waste of time, but also unfairly prejudice the Trust. *Hardy*,

629 F. Supp. 2d at 195 (citing, *inter alia*, Fed. R. Evid. 403). Accordingly, Crowhurst should be

precluded from introducing any such evidence, including the Decision and Order Dismissing the

Abuse of Process Case at trial of the action.

## POINT III

### EVIDENCE AND TESTIMONY CONCERNING BECKY STEIN'S VITRIOLIC EMAILS AND TEXT MESSAGES SHOULD BE PRECLUDED

Crowhurst seeks to introduce evidence concerning Becky Stein's vitriolic emails and text

messages, which were all sent well after Becky Stein's alleged assault of Crowhurst. As set forth

below, such emails and text messages, which comprise evidence offered by Crowhurst in the

Connecticut Actions, have no relevance whatsoever to the Labor Law Claim and would be

highly prejudicial.

The subject emails and text messages purportedly sent by Becky Stein, a 26 year old

woman suffering from autism, depression, anxiety, and pervasive developmental disorder, were

sent well after the date of the alleged assault. *See id.* They are ostensibly characterized by

vitriolic and sometime vulgar language. *See id.* Nonetheless, they carry not a scintilla of

evidentiary value to any element of the Labor Law Claim.

11

It is undisputed that the subject text messages and emails were sent well after the alleged non-payment of wages to Crowhurst and well after Crowhurst made the alleged $2,000 loan.

Moreover, it is undisputed that Becky Stein was at no point Crowhurst's employer, or ever otherwise had any control over Crowhurst's compensation, nor would she be capable of doing so. As such, these emails and text messages indisputably fail to affect in any discernable manner the Trust's alleged non-payment of wages and failure to repay an alleged $2,000 loan, or any of the circumstances surrounding such alleged conduct more or less probable. *See Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp.3d 257 (S.D.N.Y. 2015).

Rather, it is clear that Crowhurst's planned introduction of this evidence is again intended to inflame the jury and wrongly conflate the actions of non-party Becky Stein in the Connecticut Actions with the wholly unrelated conduct of the Trust in this Action. Accordingly, any attempt to introduce these texts and emails would not only result in undue delay and waste of time, but also unfair prejudice to the Trust. *Hardy*, 629 F. Supp. 2d at 195 (citing, *inter alia*, Fed. R. Evid. 403). Accordingly, such evidence should be precluded from this litigation.

## POINT IV

### EVIDENCE AND TESTIMONY CONCERNING UNDISCLOSED TEXT MESSAGES FROM THE STEINS ALLEGEDLY THREATENING CROWHURST FOR REQUESTING PAYMENT SHOULD BE PRECLUDED

Crowhurst seeks to present evidence of alleged text messages from "the Steins" threatening Crowhurst for Requesting Payment.  These alleged text messages have never been disclosed; moreover, Crowhurst does not indicate which "Stein" to which she refers, in a deliberate attempt to hide the ball. *See* Spund Decl., at ¶ 13.

Additionally, the Labor Law Claim is asserted against the Trust alone, not the Steins. Finally, as set forth in greater detail above, Crowhurst should not be permitted to use these alleged text messages to support any claim for emotional distress or punitive damages under the

Labor Law Claim, as such damages were never pleaded in any of the pleadings, nor set forth in any discovery. *See* Spund Decl., **Ex. A**.

## POINT V

### SHAMEL THOMPSON'S TESTIMONY SHOULD BE PRELUDED

Crowhurst seeks to have Shamel Thompson testify as to "the Stein's custom and practice of withholding wages of employees who complain." *See* Spund Decl., at ¶ 14. As set forth more fully below, Mr. Thompson should be precluded from testifying at the trial.

Mr. Thompson, who was first hired by the Trust in October of 2017, or nearly two years after the conclusion of Crowhurst's employment, has alleged, among other things, that he was subjected to racial discrimination and sexual harassment, and that he was not provided with "proper wage statements [or] a proper wage and hour notice at date of hiring and annually," as alleged in a May 14, 2019 demand letter sent by Thompson's counsel, the same Lowell Sidney that is representing Crowhurst in this action. *See* Spund Decl., at ¶ 15.

The proposed testimony, concerning *the Stein's* "custom and practice of withholding wages of employees who complain," should be excluded from this Action. As an initial matter, and as already set forth in Section I, above, Crowhurst has failed to make any allegation that the Trust or any of the Stein Defendants retaliated against Crowhurst, making Mr. Thompson's proposed testimony concerning the retaliation he allegedly suffered wholly irrelevant to the Labor Law Claim.

Moreover, while in certain instances "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice," Fed. R. Evid. 406, Mr. Thompson's proposed testimony lacks sufficient foundation to be admissible. More specifically, courts in this Circuit have long held that a party offering evidence of habit "must establish the degree of

specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 542 (S.D.N.Y. 2005); *see also U.S. v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (excluding evidence of the defendants' prior good acts to establish proof of habit under Rule 406, explaining a habit is "semi-automatic—it involves a person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time."). "It is only when examples offered to establish such a pattern of conduct or habit are numerous enough to base an inference of systematic conduct, that examples are admissible." *Zubulake*, 382 F. Supp. 2d at 542; *see also McCarrick v. N.Y.C. Off-Track Betting Corp.*, 91 Civ. 5626, 1995 WL 261516, at *5 (S.D.N.Y. May 3, 1995) (excluding testimony regarding "discrimination against several individuals under varying circumstances" as "not the sort of repeated conduct covered by Rule 406").

Even a cursory review of Mr. Sidney's May 14, 2019 demand letter reveals not one instance of non-payment, late payment, or withholding of payment, whether retaliatory or otherwise. *See* Spund Decl., at ¶ 16. Indeed, the only claims identified in his demand letter that are even tangentially related to the Labor Law Claim are Mr. Thompson's allegation that he was not provided with "proper wage statements [or] a proper wage and hour notice at date of hiring and annually." *Id.* While it is conceivable that Mr. Thompson could testify to matters that were outside the scope of his demand letter, the Trust has no way of knowing the full extent of such matters or the bases of his knowledge, among other things; Mr. Thompson has only been identified by Crowhurst as a potential witness this week, and the Trust, of course, will have no opportunity to depose him as to these matters.

More importantly, introduction of such evidence would occasion the classic "trial within a trial" that Rule 403 seeks to prevent. *See, e.g.*, *United States v. Aboumoussallem*, 726 F.2d 906,

912–13 (2d Cir.1984) (affirming exclusion of otherwise relevant similar act evidence under Rule 403 on the ground that confusion and delay caused by likely trial within a trial would have substantially outweighed probative value of evidence); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir.1996) (upholding exclusion of prior act evidence because of risk of unnecessary trial within a trial and citing Aboumoussallem ); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F.Supp.2d 383, 407 (S.D.N.Y.1999) ("The probative value of such an exercise is vastly outweighed by the confusion and delay that would inevitably result from conducting a trial within a trial.").

It is quite clear that Crowhurst seeks to exploit the salacious allegations made by Mr. Thompson in a deliberate effort to confuse the jury as to the true nature of this Action, which involves no claims of racial discrimination or sexual harassment, but rather the mere alleged non-payment of $8,520 in wages and overtime and the alleged failure to repay a $2,000 loan to Crowhurst.

It is indisputable that Mr. Thompson's testimony – and the trial within a trial that would ineluctably ensue – would substantially prejudice the Trust in this Action, have no relevance to the Labor Law claim and therefore should be precluded in its entirety.

## POINT VI

## CROWHURST HAS FAILED TO SET FORTH PUNITIVE DAMAGES AND EMOTIONAL DISTRESS DAMAGES IN HER INITIAL DISCLOSURES

Where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also Haas v. Delaware & Hudson Ry. Co.*, 282 Fed. Appx. 84, 85-87 (2d Cir. 2008) (affirming district court's decision to preclude plaintiff from using affidavit that was clearly contemplated by the Defendant's

discovery but not provided by Plaintiff). Crowhurst, in fact, failed to serve initial disclosures on the Trust, or for that matter any party, during the entirety of this litigation. Accordingly, at no point did Crowhurst ever state her alleged entitlement to emotional distress damages and punitive damages arising out of the Trust's alleged non-payment of wages and failure to repay an alleged $2,000 loan. *See* Spund Decl., **Ex. A**.

Crowhurst's failure to serve initial disclosures may have been harmless had her Response to Stein Defendants' First Set of Interrogatories (the "Crowhurst Responses"), *see* Spund Decl., **Ex. E**, included all damages she now ostensibly seeks from the Trust. In response to Interrogatory No. 2, which demanded that Crowhurst "[s]et forth with specificity all damages that [Crowhurst] has allegedly sustained as a result of [the Estate's and the Trust's] conduct," Crowhurst fails to include any mention of emotional distress or punitive damages arising out of the Trust's alleged non-payment of wages and overtime and failure to repay a $2,000 loan. *See id.*

Accordingly, Crowhurst's claimed entitlement to such damages under the Labor Law Claim, made for the first time ever one month ago after the completion of discovery and after the malpractice and negligence claims were dismissed on summary judgment, indisputably prejudice the Trust.

Because Crowhurst has failed to serve any disclosure, and because the Crowhurst Responses failed to include any mention of Crowhurst's alleged entitlement to emotional distress and punitive damages arising out of the Trust's alleged non-payment of wages and failure to repay an alleged $2,000 loan, the Trust was not put on notice of such alleged damages until one month ago. Accordingly, the Trust is deprived the opportunity to depose Crowhurst about these new damages. Such actions are akin to a trial by ambush, and would be unconscionable if permitted by this Court.

## POINT VII

## IN ADDITION TO PRECLUSION, THE COURT SHOULD AWARD DEFENDANT ITS ATTORNEYS' FEES ASSOCIATED WITH THIS APPLICATION

Where "a party fails to provide information . . . as required by Rule 26(a) or (e) . . . . [i]n addition to or instead of" precluding such party from supply evidence concerning such information at trial, the court: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure," (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). The Trust hereby requests that this Court exercise its discretion and award it its reasonable attorney's fees associated with making this application, in addition to any other sanction the Court deems appropriate.

## SUBMISSION

For all of the foregoing reasons, the he Trust's motion should be granted.

Dated: New York, New York
      May 22, 2019

Respectfully submitted,

DAVIDOFF HUTCHER & CITRON LLP

By _____
      Mark E. Spund
      Matthew R. Yogg
      mes@dhclegal.com
      mry@dhclegal.com
      DAVIDOFF HUTCHER & CITRON LLP
      605 Third Avenue
      New York, New York 10158
      (212) 557-7200

      *Attorneys for Defendant the*
      *Fannie Rebecca Dicker Stein Special Needs Trust*

654041v.6