IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JENNIFER CROWHURST,

                    Plaintiffs,

vs.

DR. DENISE SZCZUCKI, HAMPTON INNS LLC
D/B/A/ HAMPTON INN, HAMPTON INNS
MANAGEMENT LLC D/B/A HAMPTON INN,
HILTON HOTEL GROUP, SHERYL DICKER STEIN
AS ADMINISTRATOR OF THE ESTATE OF
NORMAN STEIN AND THE FANNIE REBECCA
DICKER STEIN SPECIAL NEEDS TRUST,

                    Defendants.

Index No. 16-CV-182 (JGK)(GWG)

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR FEES AND COSTS OF THE LAW OFFICES OF LOWELL J. SIDNEY

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Defendant*
*The Fannie Rebecca Dicker Stein Special Needs Trust*
605 Third Avenue
New York, New York 10158
(212) 557-7200

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

I.   SIDNEY LAW'S ACCOUNTING OF HOURS WORKED IS DEFICIENT ............ 1

  A.   Sidney Law Has Failed to Identify or Authenticate Any Time Records. ................ 1

  B.   Sidney Law Has Failed to Document Its Fee Application with
       Contemporaneous Time Records. .................................................................... 2

II.  SIDNEY LAW'S ACCOUNTING OF HOURS WORKED LACKS
     CREDIBILITY AND IS EXCESSIVE ............................................................. 3

  A.   Sidney Law's Time Records Lack Credibility. ................................................... 3

  B.   Sidney Law's Time Records Are Excessive and Include Objectively
       Unnecessary Work. ....................................................................................... 4

III. SIDNEY LAW'S HOURLY RATES ARE GROSSLY INFLATED .................... 8

  A.   Neither Mr. Sidney nor Mr. Cassell Are entitled to the $500 Hourly Rate
       Demanded. .................................................................................................... 9

  B.   The Poor Quality of Work Warrants Downward Adjustment of Sidney Law's
       Requested Hourly Rates. ............................................................................... 10

  C.   Firm Size Warrants Downward Adjustment of Sidney Law's Requested
       Hourly Rates. ............................................................................................... 11

IV.  SIDNEY LAW'S EXPENSES ARE NOT DOCUMENTED AND ARE
     UNSUPPORTABLE ...................................................................................... 12

SUBMISSION ....................................................................................................... 14

658215v.1

# TABLE OF AUTHORITIES

## Cases

*Adusumelli v. Steiner*, 08 Civ. 6932 (JMF), 09 Civ. 4902 (JMF), 10 Civ. 4549 (JMF), 2013 WL 1285260 (S.D.N.Y. Mar. 28, 2013) ............................................................8

*Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875 (S.D.N.Y.1994), *aff'd*, 60 F.3d 956 (2d Cir.1995).............................................................................................11

*Alvarado v. Five Town Car Wash Inc.*, No. 13-CV-1672 RJD JO, 2015 WL 5437254 (E.D.N.Y. July 23, 2015), *report and recommendation adopted*, No. 13-CV-1672 RJD JO, 2015 WL 5444930 (E.D.N.Y. Sept. 15, 2015) .............................................3

*Anderson v. Cty. of Suffolk*, No. CV 09-1913, 2016 WL 1444594 (E.D.N.Y. Apr. 11, 2016) .........................................................................................................................8

*Andrews v. City of New York*, 118 F. Supp. 3d 630 (S.D.N.Y. 2015) ...........................7

*Angamarca v. Pita Grill 7 Inc.*, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).................7

*Arbor Hill Concerned Citizens v. County of Albany*, 522 F.3d 182 (2d Cir. 2008).....8, 9

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................................1, 8

*Broome v. Biondi*, 17 F. Supp. 2d 230 (S.D.N.Y. 1997) ..................................................8

*Cabrera v. Schafer*, CV 12-6323 (ADS)(AKT), 2017 WL 9512409 (E.D.N.Y. Feb. 17, 20170 *report and recommendation adopted* at, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017)....................................................................................................6–7

*Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053 (2d Cir.1989)...................11

*Crawford v. City of New London*, 2015 WL 1125491 (D. Conn. Mar. 12, 2015) ..........6

*Euceda v. Preesha Operating Corp.*, No. 14-CV-3143 (ADS) (SIL), 2017 WL 3084490 (E.D.N.Y. June 30, 2017), *adopted by,* 2017 WL 3084408 (E.D.N.Y. July 18, 2017) .......................................................................................................13

*Farmer v. Hyde Your Eyes Optical, Inc.*, 2015 WL 2250592 (S.D.N.Y. May 13, 2015)...............6

*Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5 (S.D.N.Y. 2015)............................5–6

*Guo v. Tommy's Sushi, Inc.*, No. 14-CV-3964 (PAE), 2016 WL 452319 (S.D.N.Y. Feb. 5, 2016) .........................................................................................................12

*Harris v. Fairweather*, No. 11-CV-2152 (PKC) (AJP), 2012 WL 3956801 (S.D.N.Y. Sept. 10, 2012), *adopted by,* 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012) ...............10

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ......................................................1, 3, 5, 6

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, 2009 WL 5185808 (E.D.N.Y. Dec. 23, 2009) ......................................................................6

*Kuzma v. Internal Revenue Serv.*, 821 F.2d 930 (2d Cir. 1987) ...................................12

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998).......................................12

iii

*Lee v. Santiago*, No. 12-CV-2558 (PAE) (DF), 2013 WL 4830951 (S.D.N.Y. Sept. 10, 2013) ............................................................................................................12

*Lewis v. Coughlin*, 801 F.2d 570 (2d Cir. 1986)..........................................................................2

*Lizondro-Garcia v. Kefi LLC*, No. 12 CIV. 1906 HBP, 2014 WL 4996248 (S.D.N.Y. Oct. 7, 2014) ......................................................................................................2–3

*Lunday v. City of Albany*, 42 F.3d 131 (2d Cir. 1994)..................................................................4

*LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010)..................................8

*Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144 (2d Cir. 2014)..........................................1

*Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407 (2d Cir. 1987) .............................................................................................................8–9

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)...............1, 2

*Najnin v. Dollar Mountain, Inc.*, No. 14CV5758, 2015 WL 6125436 (S.D.N.Y. Sept. 25, 2015) ...................................................................................................................1

*Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039 (E.D.N.Y. Jan. 31, 2018) *adopted by*, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018)...............12

*Poparic v. European Music & Video Store,* No. 08-CV-2081 (KAM) (JO), 2009 WL 6318212 (E.D.N.Y. Dec. 16, 2009), *adopted by*, 2010 WL 1260598 (E.D.N.Y. Mar. 31, 2010)..................................................................................................11

*Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1997) ...........................................................6

*Raniola v. Bratton*, No. 96 CIV. 4482(MHD), 2003 WL 1907865 (S.D.N.Y. Apr. 21, 2003) ........................................................................................................................11

*Reed v. A. W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) ......................................................7

*Ritchie v. Gano*, 756 F.Supp.2d 581 (S.D.N.Y. 2010)................................................................8

*Rosendo v. Everbrighten Inc.*, No. 13cv7256 (JGK) (FM), 2015 WL 1600057 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (July 28, 2015) ..............................................................................................................12

*Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998).......................................................9

*Scott v. City of New York*, 626 F.3d 130 (2d Cir. 2010) ..............................................................2

*Scott v. City of New York*, 643 F.3d 56 (2d Cir. 2011) ................................................................2

*Scott v. Niagara Credit Solutions, Inc.*, 2012 WL 729755 (W.D.N.Y. Mar. 6, 2012) ...................6

*Sermuks v. Orion Caterers, Inc.*, No. 15-CV-461 (RJD) (RML), 2017 WL 1058479 (E.D.N.Y. Feb. 2, 2017) *adopted by*, 2017 WL 1058479 (E.D.N.Y. Feb. 2, 2017). ...............10

*Sevilla v. Nekasa Inc.*, No. 16-CV-2368 (AJP), 2017 WL 1185572 (S.D.N.Y. Mar. 30, 2017) ....................................................................................................................13

*Smith v. Wettenstin*, No. 02 CIV.5806 MHD, 2003 WL 22966281 (S.D.N.Y. Dec. 16, 2003) ........................................................................................................................11

iv

*Surdu v. Madison Global, LLC*, No. 15-CV-6567 (HBP), 2018 WL 1474379
(S.D.N.Y. Mar. 23, 2018) ................................................................................................9

*Torres v. Gristede's Operating Corp.*, 519 Fed.Appx. 1 (2d Cir.2013).........................................6

*Yea Kim v. 167 Nail Plaza, Inc.*, No. 05-CIV.-8560 (GBD) (GWG), 2009 WL 77876
(S.D.N.Y. Jan. 12, 2009)................................................................................................9

**Statutes**
Fair Labor Standards Act, 29 U.S.C. § 201 ...............................................................................1
N.Y. Lab. Law § 198(1-a)................................................................................................1
New York Labor Law, Art. 19, § 650....................................................................................1

**Other Authorities**
1A Fed. Proc. § 51:29 ...................................................................................................4
29 U.S.C. § 216(b) ......................................................................................................1
Fed. R. Evid. 901(a).....................................................................................................2
Rule 68 .............................................................................................................4, 5

v

The Fannie Rebecca Dicker Stein Special Needs Trust (the "Trust") submits this Memorandum of Law in partial opposition to the application of the Law Office of Lowell J. Sidney ("Sidney Law"), for attorney's fees and costs pursuant to the New York Labor Law, Art. 19, § 650, *et seq.* (the "NYLL") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

## I.   SIDNEY LAW'S ACCOUNTING OF HOURS WORKED IS DEFICIENT

While both the FLSA and the NYLL permit an award of reasonable attorney's fees and costs to a plaintiff, *see Najnin v. Dollar Mountain, Inc.*, No. 14CV5758, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015) (citing 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198(1-a)), the Court retains discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award, *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). At all times, the party seeking fees bears the burden of demonstrating that its requested fees are warranted and reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984), and assumes the burden of providing the Court with sufficient information and evidence to establish such entitlement, *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

A.   Sidney Law Has Failed to Identify or Authenticate Any Time Records.

It is well established that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *accord Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149-50 (2d Cir. 2014). Attached as Exhibit A to the Declaration of Lowell Sidney is a document that purports to be contemporaneous time records, as is required pursuant to Second Circuit precedent. *See* L.

Sidney Decl. (referencing the requirement of contemporaneous time records). However, Sidney

Law has failed to identify or even reference Exhibit A in the Sidney Declaration or otherwise.

Therefore, he has failed to satisfy the identification and authentication requirements for evidence

to be admissible under the Federal Rules of Evidence. *See generally* Fed. R. Evid. 901(a)

(rendering authentication a condition precedent to admission and consideration by the court). For

this reason alone, Sidney Law's application for the fees and costs is deficient as a matter of law.

B. <u>Sidney Law Has Failed to Document Its Fee Application with Contemporaneous Time Records.</u>

Even if he had duly identified and authenticated Exhibit A, Sidney Law's fee application

would still be defective because his purported time entries comprise an ex post facto

reconstruction of time purportedly spent litigating the Labor Law Claim. As more fully set forth

in the Spund Declaration, in addition to failing to identify Exhibit A as contemporaneous time

records, Exhibit A includes an entry stating that Mr. Sidney "create[d] the Exhibit." As the

Second Circuit has long held, "any attorney . . . who applies for court-ordered compensation in

this Circuit for work done after the date of this opinion must document the application with

contemporaneous time records." *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d

1136, 1148 (2d Cir.1983). "Carey establishes what is essentially a hard-and-fast rule 'from which

attorneys may deviate only in the rarest of cases.' " *Scott v. City of New York*, 643 F.3d 56, 57

(2d Cir. 2011) (quoting *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). Not even a

District Judge's personal observations of an attorney's work can substitute for the required

contemporaneous time records. *See Scott*, 643 F.3d at 58. Notably, the burden is on the attorney

requesting fees to provide sufficient evidence, including production of contemporaneous time

records or sufficient explanation for their absence. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d

Cir. 1986); *Lizondro-Garcia v. Kefi LLC*, No. 12 CIV. 1906 HBP, 2014 WL 4996248, at *8

2

(S.D.N.Y. Oct. 7, 2014) ("Plaintiffs have provided a chart summarizing the hours worked and rates for each attorney and the paralegals," but "have not submitted the requisite contemporaneous time records nor have they provided any explanation for their failure to provide such records."); *Alvarado v. Five Town Car Wash Inc.*, No. 13-CV-1672 RJD JO, 2015 WL 5437254, at *1 (E.D.N.Y. July 23, 2015), *report and recommendation adopted*, No. 13-CV-1672 RJD JO, 2015 WL 5444930 (E.D.N.Y. Sept. 15, 2015) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (holding that inadequate documentation also warrants reduction of a fee award).

Here, it is indisputable that Sidney Law has not provided contemporaneous time records. Moreover, it is undisputed that Sidney Law has failed to even attempt to proffer an explanation for the inadequate documentation. Rather, the facts and circumstances suggest that Sidney Law purposefully failed to identify Exhibit A in a deliberate effort to mislead the Court into believing the listed time entries to be contemporaneously made.

## II. SIDNEY LAW'S ACCOUNTING OF HOURS WORKED LACKS CREDIBILITY AND IS EXCESSIVE

As discussed below, there are numerous other compelling reasons why the amount of hours Sidney Law purportedly expended should be struck as unreliable and unreasonable.

### A. Sidney Law's Time Records Lack Credibility.

Even if this Court were to consider Sidney Law's ex post facto reconstruction of time purportedly spent litigating the Labor Law Claim, it seems clear that his Exhibit A is not even

based upon contemporaneous time records and therefore lacks credibility.[1] As more fully set forth in the Spund Declaration, Sidney Law's Exhibit A, (a) in many instances fails to list actual dates (only date ranges) when work was allegedly performed, (b) includes numerous entries for work allegedly performed that do not align with the record for this Action, and (c) includes entries concerning the attendance at depositions that are hours longer than the actual depositions themselves, to name just a few.

One of this Court's most rudimentary tasks on a fee application is to make "a conscientious and detailed inquiry into the validity of the representations" concerning the applicant's expended hours. *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). As set forth above, the validity of Sidney Law's time entries is immensely dubious, not only because they are clearly not based on contemporaneous records, but because they conflict with established fact and common sense.

B.   Sidney Law's Time Records Are Excessive and Include Objectively Unnecessary Work.

To the extent that Sidney Law's time entries carry any credibility whatsoever – which the Trust contests – they are clearly excessive. Following this Court's February 12, 2019 Memorandum Opinion & Order dismissing on summary judgment the negligence claim asserted against the Estate and the malpractice claim against Dr. Szczucki, the Trust sought to settle the Labor Law Claim, offering Plaintiff the full amount demanded thereon, inclusive of liquidated damages, costs, and prejudgment interest. On February 27, 2017, Plaintiff's counsel rejected the

---

[1] It is the Trust's substantiated belief that that Sidney Law did not keep contemporaneous records of time spent litigating the Labor Law Claim, in part due to Mr. Sidney's near complete lack of experience in wage and hour cases, and in part because the Labor Law Claim, the only claim upon which fee shifting was available, represented a negligible part of his case against the defendants.

offer, and refused to submit a counteroffer. On May 7, 2019, the Trust served upon Plaintiff a Rule 68 Offer of Judgment, offering to settle the Labor Law Claim for $22,500,[2] leaving the issue of reasonable legal fees incurred by Plaintiff in pursuing her Labor Law Claim to the Court. Plaintiff's counsel, however, failed and refused to reveal the costs or his legal fees and costs for the Labor Law Claim. Instead, Plaintiff summarily rejected the settlement offer, and refused to even negotiate a resolution of the Labor Law Claim. On June 5, 2019, this Court entered judgement against the Trust and in favor of Plaintiff in the amount of $22,527.92.[3]

In the months between this Court's February 12, 2019 Memorandum Opinion & Order and entry of judgment against the Trust, as detailed in its Exhibit A, Sidney Law engaged in a bevy of frivolous conduct based on objectively meritless legal theories that were unequivocally rejected by this Court. As set forth in greater detail in the Spund Declaration, these efforts included, among other things: (a) entries concerning Plaintiff's mediation statement which baselessly sought punitive and emotional distress damages on the Labor Law Claim; (b) entries concerning Plaintiff's baseless opposition to the Trust's Motion in Limine, which justifiably sought to exclude evidence of emotional distress and retaliation, among other things; and (c) entries concerning preparing for and attending the hearing on the Trust's successful Motion in Limine. If the Court awards attorney fees for these objectively baseless efforts on which Plaintiffs did not prevail, such act would further incentive this frivolous conduct. *See generally Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 11 (S.D.N.Y. 2015) (discussing the obligation

---

[2] Rule 68 does not require an admission of liability by the defendant. 1A Fed. Proc. § 51:29 (L. Ed., current through June 2019).

[3] The amount of the judgment entered against the Trust exceeds the Rule 68 Offer (in the amount of $27.92) only because pre-judgment interest continued to accrue in the intervening three months on $10,580 at the rate of nine percent per annum.

of courts to exclude time spent on unsuccessful motion and efforts) (citing *Hensley v. Eckerhart*, 461 U.S. 424, (1983); *Torres v. Gristede's Operating Corp.*, 519 Fed.Appx. 1, 5 (2d Cir.2013) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained."). "It is true that our award of fees should "exclude . . . hours dedicated to severable unsuccessful claims," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997), a principle that has readily been extended to many other aspects of litigation. *See, e.g.*, *Crawford v. City of New London*, 2015 WL 1125491, *7 (D. Conn. Mar. 12, 2015); *Scott v. Niagara Credit Solutions, Inc.*, 2012 WL 729755, *2 (W.D.N.Y. Mar. 6, 2012); *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, 2009 WL 5185808, *7 (E.D.N.Y. Dec. 23, 2009).

Astonishingly, even after this Court's June 5, 2019 entry of judgment for Plaintiff, Sidney Law includes numerous time entries that do not even remotely relate to the Labor Law claim and the Trust, including, among other things:

6/10/19:   "Reviewed exhibit list and trial exhibits; telephone conference regarding exhibits" (1 hour)

6/12/19:   "Reviewed Plaintiff's deposition testimony; researched and analyzed cases and issues regarding admissibility of Plaintiff's exhibits; telephone conferences with client and the Court regarding issues for trial; reviewed trial exhibits" (2 hours)

6/14/19:   "Drafted letter to the Court regarding unavailable dates for trial; researched and analyzed cases and drafted responses to Defendants' objection to Plaintiff's exhibits; drafted objection to Defendants' exhibits; filed all documents with the Court" (5 collective hours)

Where hours are "excessive, redundant, or otherwise unnecessary," the Court should exclude those hours from its calculation of the presumptively reasonable fee. *See Hensley*, 461 U.S. at 434; *Farmer v. Hyde Your Eyes Optical, Inc.*, 2015 WL 2250592, at *15 (S.D.N.Y. May 13, 2015); *Cabrera v. Schafer*, CV 12-6323 (ADS)(AKT), 2017 WL 9512409 at *3 (E.D.N.Y. Feb. 17, 20170 *report and recommendation adopted* at, 2017 WL 1162183 (E.D.N.Y. Mar. 27,

2017); *Andrews v. City of New York*, 118 F. Supp. 3d 630, 639 (S.D.N.Y. 2015) (Stein, D.J)

("The court is obligated to exclude hours that are excessive, redundant, or otherwise

unnecessary."). The critical inquiry is "whether, at the time the work was performed, a

reasonable attorney would have engaged in similar time expenditures." *Angamarca v. Pita Grill*

*7 Inc.*, 2012 WL 3578781, at *12 (S.D.N.Y. Aug. 2, 2012) (quoting *Grant v. Martinez*, 973 F.2d

96, 99 (2d Cir. 1992), *cert. denied*, 506 U.S. 1053 (1993)). It is quite obvious that a reasonable

attorney, having obtained final judgment against the Trust, would not be reviewing trial exhibits,

reviewing deposition testimony, or writing the Court regarding unavailable trial dates. Inclusion

of the foregoing entries seeking fees against the Trust, therefore, represents nothing more than

Sidney Law's bad faith effort to baselessly inflate their hours on the Labor Law Claim.

     Finally, numerous of Sidney Law's time entries fail to differentiate between legal

services related to the Labor Law Claim and the dismissed negligence claims against the Estate

and Dr. Szczucki. These entries include, among ***many*** others,

> 12/23/15: "Conduct legal research and draft summons and Complaint; file and serve the Summons and Complaint" (3 hours)
>
> 10/5/17: Teleconferences and preparation of stipulated Discovery Schedules for filing with the Honorable Court (3.3 hours)
>
> 8/16/17: Travel to and from and defend Deposition of Plaintiff with respect to the Labor Law claims (5 hours)

As set forth in greater detail in the Spund Declaration, these entries, at best, appear only

tangentially related to the Labor Law Claim, and any actual work performed therein by Sidney

Law in furtherance of the Labor Law Claim, if any, would be *de minimis*. Rather, substantially

all work comprising such entries was performed to advance Plaintiff's unsuccessful negligence

claims. These claims are easily severable from the Labor Law Claim. Notably, in comparison to

Plaintiff's dismissed negligence claims, the Labor Law Claim involved a wholly different legal

theory, a wholly different defendant, and wholly different facts. *See Reed v. A. W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (holding unsuccessful claims to be severable when based on different facts and legal theories).

Furthermore, these entries are illustrative of Sidney Law's practice of block billing throughout the entirety of its Exhibit A. Block-billing is "the practice of aggregating multiple tasks into one billing entry," and makes it "exceedingly difficult for courts to assess the reasonableness of the hours billed." *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010) (Holwell, D.J.); see *Adusumelli v. Steiner*, 08 Civ. 6932 (JMF), 09 Civ. 4902 (JMF), 10 Civ. 4549 (JMF), 2013 WL 1285260 at *4 (S.D.N.Y. Mar. 28, 2013) (Furman, D.J.) ("[A] single billing entry might mix tasks that are compensable with those that are not, or mix together tasks that are compensable at different rates," making it difficult to "attempt[ ] to parse out whether the number of hours spent on the work performed was reasonable."); . *Anderson v. Cty. of Suffolk*, No. CV 09-1913, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" warranting deduction or elimination of hours); *Ritchie v. Gano*, 756 F.Supp.2d 581, 583 (S.D.N.Y. 2010) (same).

### III.  SIDNEY LAW'S HOURLY RATES ARE GROSSLY INFLATED

An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. At all times, the fee applicant bears the burden of justifying his stated rate, *see Broome v. Biondi*, 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997), but the Court may also apply its "own knowledge" of rates charged in the community in assessing the reasonableness of the rates sought, *Miele v. N.Y. State Teamsters Conf. Pension &*

8

*Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987). In *Arbor Hill Concerned Citizens v. County of Albany*, the Second Circuit emphasized that the "reasonable hourly rate is the rate a paying client would be willing to pay." 522 F.3d 182 (2d Cir. 2008). In assessing whether an hourly rate is reasonable, the Court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

    A.  <u>Neither Mr. Sidney nor Mr. Cassell Are entitled to the $500 Hourly Rate Demanded.</u>

"Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases." *Surdu v. Madison Global, LLC*, No. 15-CV-6567 (HBP), 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (collecting cases regarding litigators with one or more decades of experience). Courts in this Circuit look specifically to experience in wage-and-hour cases to determine a suitable hourly rate for attorneys. *Yea Kim v. 167 Nail Plaza, Inc.*, No. 05-CIV.-8560 (GBD) (GWG), 2009 WL 77876, at *2 (S.D.N.Y. Jan. 12, 2009) (considering amount of experience attorneys had in FLSA matters when determining appropriate fee award in FLSA case). As set forth in the Spund Declaration, neither Mr. Sidney nor Mr. Cassell[4] have any experience in wage and hour litigation. Mr. Sidney's request that he and Mr. Cassell be awarded $100 per hour in excess of the top extreme granted to experienced FLSA/NYLL is therefore untenable.

---

[4] Mr. Cassell has failed to submit a sworn declaration. The only averments concerning Mr. Cassell's alleged biographical and career history are made in the Declaration of Lowell Sidney, who has no personal knowledge of such facts.

Furthermore, Sidney Law has failed to identify anything in connection with this case that was not straightforward. Indeed, the activities Sidney Law lists are at the core of any "FLSA and NYLL" case, he fails to identify any aspect of this case that was novel or difficult. In fact, upon dismissal of Plaintiff's negligence claims, the Trust offered Plaintiff everything to which she could be entitled pursuant to the Labor Law Claim, making this case no different from a default. *See Sermuks v. Orion Caterers, Inc.*, No. 15-CV-461 (RJD) (RML), 2017 WL 1058479, at *8 (E.D.N.Y. Feb. 2, 2017) (awarding Naydenskiy $200 hourly rate in 2017 for "relatively straightforward wage and hour default"), adopted by, 2017 WL 1058479 (E.D.N.Y. Feb. 2, 2017).

B. <u>The Poor Quality of Work Warrants Downward Adjustment of Sidney Law's Requested Hourly Rates.</u>

Further diminishing the reasonableness of these requested rates is the subpar and sometime wholly deficient legal work they performed. In "determining the reasonableness of the requested attorneys' fees, the Court considers the quality of the work done by the attorneys." *Harris v. Fairweather,* No. 11-CV-2152 (PKC) (AJP), 2012 WL 3956801, at *8 (S.D.N.Y. Sept. 10, 2012) (reducing fee award where "documents that counsel submitted in connection with the inquest were mediocre, included numerous errors, and failed to cite to authority for much of the relief requested"), *adopted by,* 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012).

Here, there are numerous examples of deficiencies and inconsistencies in Plaintiff's submissions identified above demonstrate that her counsel failed to exhibit the minimal level of skill necessary to establish her claim. The most egregious examples of the failure to exhibit the minimal level of skill include counsel's: (1) frivolous request for emotional distress and punitive damages on the Labor Law Claim; and (2) lack of knowledge respecting the Federal Rules of Evidence. Indeed, except for Mr. Sidney's own inconsistent, ambiguous, and deficient

declaration, no admissible evidence was submitted to support his request for attorney's fees and costs. Accordingly, whatever rate Mr. Sidney and Mr. Cassell would otherwise be entitled to based on their non-existent experience in wage and hour cases should be further decreased to reflect their performance herein. *See generally Poparic v. European Music & Video Store,* No. 08-CV-2081 (KAM) (JO), 2009 WL 6318212, at *9 (E.D.N.Y. Dec. 16, 2009) ("[W]hile attorneys with similar numbers of years experience . . . may occasionally garner higher **fees**, the sub-par quality of the legal work in this case warrants a lower hourly rate."), *adopted by,* 2010 WL 1260598 (E.D.N.Y. Mar. 31, 2010).

C.   Firm Size Warrants Downward Adjustment of Sidney Law's Requested Hourly Rates.

Finally, the Law Office of Lowell Sidney is a small firm with limited overhead, a fact which is not in dispute. Courts have recognized that the size of the firm representing a plaintiff seeking attorney's fees is a factor in determining a reasonable attorney's fee, largely because of overhead costs. *See, e.g.*, *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir.1989) (noting that the size of an attorney's firm is relevant in determining the relevant community's "prevailing market rates" and that "smaller firms may be subject to their own prevailing market rate"), *cert. denied*, 496 U.S. 905 (1990); *Smith v. Wettenstin*, No. 02 CIV.5806 MHD, 2003 WL 22966281, at *3 (S.D.N.Y. Dec. 16, 2003) ("As a single practitioner, [plaintiff's attorney] does not face the overhead of the larger firms and hence his compensation is—all other things being equal—appropriately set at a lower rate."); *Raniola v. Bratton*, No. 96 CIV. 4482(MHD), 2003 WL 1907865, at *6 n.10 (S.D.N.Y. Apr. 21, 2003) ("The size of the firm is deemed to be pertinent [in calculating a reasonable hourly rate] because larger law firms are assumed to carry a larger overhead, thus necessitating a higher hourly rate."); *Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875, 895 (S.D.N.Y.1994) ("[I]f the movant is represented by a small or medium-size firm, the appropriate rates are those typically charged by

11

such firms, whereas a movant may obtain higher compensable rates if represented by a large

urban firm, since such firms typically charge more per hour to cover a higher overhead."), *aff'd*,

60 F.3d 956 (2d Cir.1995).


### IV.   SIDNEY LAW'S EXPENSES ARE NOT DOCUMENTED AND ARE UNSUPPORTABLE

In addition to the lodestar amount, attorneys' fees may include "those reasonable out-of-

pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-*

*Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted). These expenses, or

"costs," may include photocopying, travel, telephone costs, and postage, *Kuzma v. Internal*

*Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987), as well as filing fees and reasonable process

server fees, *Rosendo v. Everbrighten Inc.*, No. 13cv7256 (JGK) (FM), 2015 WL 1600057, at *9

(S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (July 28,

2015).

Sidney Law has failed to submit any receipts for any of the expenses totaling $1,658.85.

"As with attorneys' fees, [a] requesting party must substantiate the request for costs." *Guo v.*

*Tommy's Sushi, Inc.,* No. 14-CV-3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016).

Courts in this Circuit do not award costs without supporting documentation. *See, e.g.*, *Piedra v.*

*Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31,

2018) ("the Court cannot simply accept at face value the other costs that plaintiff's counsel

seeks, such as service of process and translator services, without additional supporting

documentation for those costs."), *adopted by*, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018); *Lee*

*v. Santiago*, No. 12-CV-2558 (PAE) (DF), 2013 WL 4830951, at *14 (S.D.N.Y. Sept. 10, 2013)

(request for costs such as postage and copying denied without additional evidence or

substantiation); *see also, e.g., Euceda v. Preesha Operating Corp.,* No. 14-CV-3143 (ADS) (SIL), 2017 WL 3084490, at *4 (E.D.N.Y. June 30, 2017) ("In the absence of adequate substantiation, a party is not entitled to recover costs. . . . Plaintiff has failed to provide any substantiation, such as invoices or receipts, documenting the costs he now seeks to recover."), *adopted by,* 2017 WL 3084408 (E.D.N.Y. July 18, 2017).

While courts sometimes take judicial notice of filing fees, *see, e.g.*, *Sevilla v. Nekasa Inc.*, No. 16-CV-2368 (AJP), 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) (taking judicial notice of filing fee), such act is not warranted here. As this Court is aware, the Labor Law Claim comprised a negligible portion of its case against all defendants in this action. Because Plaintiff's primary impetus in bringing this Action was its now-dismissed negligence claims asserted against Dr. Szczucki and the Estate of Norman Stein, as well as its pending negligence claim against the Hampton Inn defendants, it is inequitable to force the Trust, which was at all times only tangentially involved in this action, to pay the entirety of such expense.

**SUBMISSION**

For all of the foregoing reasons, Sidney Law's motion should be denied.


Dated: New York, New York
       June 25, 2019

                          Respectfully submitted,

                          DAVIDOFF HUTCHER & CITRON LLP


                          By_____
                               Mark E. Spund
                               Matthew R. Yogg
                          mes@dhclegal.com
                          mry@dhclegal.com
                          605 Third Avenue
                          New York, New York 10158
                          (212) 557-7200

                          *Attorneys for Defendant the*
                          *Fannie Rebecca Dicker Stein Special Needs Trust*

14

# CERTIFICATION OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing Memorandum of Law in Opposition to Motion for Fees and Costs of the Law Offices of Lowell J. Sidney contains 4,061 Words, inclusive of point headings and footnotes, and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum. This Memorandum is prepared in 12 point Times New Roman type, with footnotes in 10 point Times New Roman type, a proportionally-spaced typeface, and double spaced. Microsoft Word software was used to count the words in the foregoing Memorandum of Law.

Dated: New York, New York
      June 25, 2019

                     DAVIDOFF HUTCHER & CITRON LLP

                     By:
                        Mark E. Spund
                 605 Third Avenue 34th Floor
                 New York, New York 10158
                 (212) 557-7200

                 *Attorneys for Defendant the*
                 *Fannie Rebecca Dicker Stein Special Needs Trust*