IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JENNIFER CROWHURST,

                Plaintiffs,

vs.

DR. DENISE SZCZUCKI, HAMPTON INNS LLC D/B/A/ HAMPTON INN, HAMPTON INNS MANAGEMENT LLC D/B/A HAMPTON INN, HILTON HOTEL GROUP, SHERYL DICKER STEIN AS ADMINISTRATOR OF THE ESTATE OF NORMAN STEIN AND THE FANNIE REBECCA DICKER STEIN SPECIAL NEEDS TRUST,

                Defendants.

Index No. 16-CV-182 (JGK)(GWG)

## MEMORANDUM IN SUPPORT OF REPORT AND RECOMMENDATION AND IN OPPOSITION TO PLAINTIFF'S OBJECTIONS

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Defendant*
*The Fannie Rebecca Dicker Stein Special Needs Trust*
605 Third Avenue
New York, New York 10158
(212) 557-7200

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................... 1

   I.  HOURS REQUESTED ........................................................................... 3

      A.  Work Performed After March 8, 2019 ............................................. 3

      B.  Block Billing ..................................................................................... 3

      C.  Complete Disregard of The Fee Chart ............................................. 5

   II.  RATES REQUESTED ............................................................................ 5

SUBMISSION .......................................................................................................... 7

673367v.5

This memorandum is submitted by defendant, The Fannie Rebecca Stein Special Needs Trust (the "Trust"), in opposition to the objections filed by plaintiff, Jennifer Crowhurst ("Crowhurst"), and in support of the Report and Recommendation of Hon. Gabriel W. Gorenstein, U.S.M.J., dated and entered November 19, 2019 (the "Report"). Judge Gorenstein's 26-page Report, which recommended that Plaintiff's counsel, Lowell Sidney, Esq., be awarded $5,403.60 in combined attorney's fees and costs was comprehensive, well-reasoned, and properly exercised prevailing law in this Circuit. Conversely, Crowhurst's objections deliberately distort the law and ignore controlling facts that concern the nature and contents of Crowhurst's fee application and this litigation. As such, Crowhurst's objections lack any degree of merit and for the reasons explained therein, this Court should adopt the Report in its entirety.

## PRELIMINARY STATEMENT

A mere cursory review of Mr. Sidney's Memorandum of Law objecting to the Report reveals that it comprises nothing more than a regurgitation of the arguments previously submitted to Judge Gorenstein in his reply memorandum of law in further support of his application for $93,725 in attorney's fees and $1,658.85 in costs. Astonishingly, Mr. Sidney, whether by choice or necessity, continues to ignore the many fatal deficiencies in his fee application, as were expressly identified in the Report. Indeed, based upon the fabrications and falsehoods in his unsubstantiated "Fee Chart," Mr. Sidney should be more than satisfied with the $4,400 in legal fees granted to him. "In light of the lack of proper support [for] the hours presented," held Judge Gorenstein, "the Court would be justified in declining to award any hours to Crowhurst on this basis alone." Report, at 12–13.

Mr. Sidney's failure to address his application's lack of any authentication for the hours purportedly worked is far from the only deficiency that he has refused to credibly address. Such

deficiencies include, among other things:

1. Mr. Sidney's refusal to explain how he segregated hours that were directly related to the wage and hour claim from hours that were not;

2. Mr. Sidney's refusal and inability to establish how or why Crowhurst's rejection of the Trust's offer of full payment of the wage and hour claim by the Trust justified seeking legal fees for any work performed after such offer;

3. Mr. Sidney's refusal and inability to establish how Crowhurst could be entitled to emotional distress and punitive damages, which were never pled in any version of the Complaint, and are unavailable on a wage and hour claim;

4. Mr. Sidney's refusal and inability to establish that there existed any legal or factual nexus between Crowhurst's negligence claim against the Estate of Norman Stein and Crowhurst's wage and hour claim against the Trust, especially in light of this Court's determination, as set forth in its June 3, 2019 Decision and Order on the record, that no such nexus existed;

5. Mr. Sidney's refusal and inability to substantiate his purported hourly rate, especially in light of Mr. Sidney's complete lack of experience litigating wage and hour claims; indeed, being quoted in the New York Post and obtaining a judgment in a state court personal injury action does not qualify Mr. Sidney for an hourly fee commensurate with the most experienced wage and hour attorneys in this Circuit.

6. Mr. Sidney's refusal to substantiate the hours worked or hourly rates of either Mr. Cassell or Ms. Charmhaic, whether by declaration or other sworn statement from either Mr. Cassell or Ms. Charmhaic.

7. Mr. Sidney's refusal to explain why the court should accept any of the block billing entries in the Fee Chart, when numerous of such entries can be easily proven as false, fabricated, or irrelevant to the labor law claims.[1]

Despite the Trust raising these numerous deficiencies in opposition to his fee application and despite Judge Gorenstein's Report citing these deficiencies as a basis to substantially reduce or entirely foreclose the award of attorney's fees, Mr. Sidney, whether by choice or necessity, has elected to ignore the many inarguable facts that necessarily preclude him from receiving the relief he has demanded. The undersigned respectfully requests that this Court recognize Mr.

---

[1] The Court is respectfully referred to the Affirmation of Mark E. Spund dated June 25, 2019 and the Analysis of Plaintiff's Exhibit A and Objections to Time annexed thereto as Exhibit H.

2

673367v.5

Sidney's objections for what they are: his most recent ill-advised attempt to distort, distract, and mislead this Court.

Notwithstanding Judge Gorenstein's meticulous and comprehensive Report, the Trust will briefly address a limited number of arguments raised by Mr. Sidney in his objections.

I. **HOURS REQUESTED**

A. <u>Work Performed After March 8, 2019</u>

As recounted by Judge Gorenstein, on March 8, 2019, the Stein Trust offered to consent to the entry of judgment against it for the total amount that Crowhurst was seeking, including liquidated damages and interest leaving the issue of attorney's fees and costs to the Court. *See* Report, at 18. Accordingly, Judge Gorenstein found that a reasonable attorney would not have expended any of the hours listed in Mr. Sidney's application after such date, including hours spent on "trial preparation on the wage claim" and "time spent preparing for the settlement conference." *Id.*, at 18.

Rather than accept entry of judgment and payment thereon, however, Mr. Sidney insisted upon Crowhurst's entitlement to additional legal fees based upon a frivolous theory that Crowhurst was somehow entitled to emotional distress and punitive damages, despite never claiming such damages in the three Complaints filed in this action. Simply put, not only were many of the hours claimed in the purported "Fee Chart" fabricated, many more were expended in pursuit of legal claims and theories that have no basis in reality or law, and their subsequent inclusion in the purported "Fee Chart" was for the sole purpose of inflating the hours purportedly expended on the labor law claims. As a result, Judge Gorenstein appropriately determined that a reasonable attorney would not have expended such hours.

B. <u>Block Billing</u>

Mr. Sidney argues that the typical reduction applied to block billing is far less than that

which was applied in the Report. The reduction, he argues, is typically only around 15%. However, as Judge Gorenstein correctly determined, Mr. Sidney's entries are far from typical block billing. *See* Report, at 13 ("[W]e have observed that the "Fee Chart" is rife with problematic entries."). As an initial matter, and as recognized in the Report, these block billing entries include "several instances where entries in the fee chart do not align with the record." Report, at 14. Moreover, some of Mr. Sidney's time entries are block billed over a period of more than three years, and notably, all such entries included numerous purported tasks that were completely unrelated to the labor law claim. As Judge Gorenstein correctly noted, "there was no such overlap between the wage claims and the various tort claims" as the "claims were factually and legally distinct as manifested by the fact that summary judgment granted on two of the claims — malpractice and negligence — did not impact the wage theft claim." Report, at 14. In fact, this Court itself found that there existed no common core of facts or law between the labor law claims and all other claims in this litigation:

> The Court has broad discretion in deciding whether to sever claims. The factors relevant to the question whether a claim should be severed include, "One, whether the claims arise out of the same transaction or occurrence; two, whether the claims present some common questions of law or fact; three, whether settlement of the claims or judicial economy would be facilitated; four, whether prejudice would be avoided if severance were granted; and fifth, whether different witnesses and documentary proof are required for the separate claims." Cestone v. General Cigar Holdings, Inc., No. 00 CV 3686, 2002 WL 424654 at 2 (S.D.N.Y. March 18, 2002), quoting Morris v. Northrop Grumman Corp., 37 F.Supp. 2d 556, 580 (E.D.N.Y. 1999). All the factors outlined above weigh in favor of severing the plaintiff's claims against the trust.

Hearing Tr., Jun. 3, 2019, at 5:20–6:6.

Contrary to Mr. Sidney's claims to the contrary, there exists no basis to include any work not directly related to the labor law claim in his hourly totals. Moreover, as the Report correctly notes, "numerous entries relate to generic activities and thus provide . . . no confidence that they do not include hours that relate exclusively to the tort claims." Report, at 15. Even under New

4

673367v.5

York law, the party seeking a fee "bears the burden of showing the reasonableness of the fee by providing definite information regarding the way in which time was spent." *Flemming v. Barnwell Nursing Home & Health Facilities, Inc.*, 56 A.D.3d 162, 164–65 (3d Dep't 2008), *aff'd*, 15 N.Y.3d 375 (2010). Stated differently, Mr. Sidney refuses to acknowledge or understand that although under New York law lacks any express requirement for contemporaneous time sheets, he still has the burden of justifying the time he seeks fees for, which he has blatantly failed to do.

C. <u>Complete Disregard of The Fee Chart</u>

In light of the aforementioned issues with Mr. Sidney's "Fee Chart," the Trust supports the Judge Gorenstein's determination to "completely disregard the Fee Chart for the purpose of determining the reasonable number of hours expended." Report, at 15. And while the Trust may have preferred the "complete denial of any award of fees," as the Report stated was justified, it nonetheless does not object to the hours awarded based "on the record of tasks accomplished as reflected in the docket sheet as well as" its own familiarity with the case. Report, at 15.

II. **RATES REQUESTED**

Mr. Sidney's argument that Judge Gorenstein's determination that $225 an hour was reasonable for both him and Mr. Cassell is unconvincing and contrary to prevailing law in this Circuit. Regardless of whether Mr. Sidney is "quoted in the New York Post for his many high-profile cases" which are neither cited nor listed, and regardless of the apparent $600,000 judgment he achieved in a dog bite case where liability had been conceded, he admittedly has no experience in wage and hour and labor law cases.

As to Mr. Cassell, although he has more experience and may very well have litigated four wage and hour cases over 25 years, his work product, which essentially amounted to arguing that Crowhurst was entitled to emotional distress and punitive damages, added nothing to

5

Crowhurst's wage and hour claim; in fact, all it did was delay entry of judgment in Crowhurst's favor. Most importantly, however, the overwhelming majority of Mr. Cassell's time was expended after the Trust had communicated to Mr. Sidney its willingness to compensate Crowhurst for everything she had demanded on her labor law claim.

     Simply put, the lack of experience of either of these two attorneys in wage and hour claims together with their clear bad faith in attempting to seek fees from the Trust for numerous hours expended on tasks having nothing to do with the wage and hour claim require that they be given nothing more than what Magistrate Judge Gorenstein provided for in the Report.

## SUBMISSION

For all of the reasons set forth herein and in the Report, Crowhurst's objections should be denied and the Report and Recommendation confirmed.

Dated: New York, New York
December 12, 2019

Respectfully submitted:

DAVIDOFF HUTCHER & CITRON LLP

By: /s/
Mark E. Spund
Matthew R. Yogg
Attorneys for Defendant The Fannie
Rebecca Stein Special Needs Trust

605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200
mes@dhclegal.com
mry@dhclegal.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Reply complies with the formatting rules set forth in the individual practice rules ordered by Judge Koeltl.

Type: A proportionally spaced typeface was used, as follows:

Name of typeface: Times New Roman

Point Size: 12

Line Spacing: Double

Word Count: The total number of words in this Memorandum of Law is 2,126.

Dated: New York, New York
December 12, 2019

                                                    Respectfully submitted:

                                                   DAVIDOFF HUTCHER & CITRON LLP

                                                   By: _____
                                                        Matthew R. Yogg
                                                 Attorneys for Defendant The Fannie
                                                 Rebecca Stein Special Needs Trust

                                                 605 Third Avenue, 34th Floor
                                                 New York, New York 10158
                                                 (212) 557-7200
                                                 mry@dhclegal.com

673367v.5