**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**JENNIFER CROWHURST,**

                Plaintiff,         16-cv-0182 (JGK)

      - against -           **MEMORANDUM OPINION AND ORDER**

**DR. DENISE SZCZUCKI, ET AL.**

                Defendants.

---

**JOHN G. KOELTL, District Judge:**

      The Court has received the Report and Recommendation by Magistrate Judge Gabriel Gorenstein, dated November 19, 2019, which recommends that this Court award (1) $4,400 in attorney's fees and (2) $1,003.60 in costs to Jennifer Crowhurst against the Fannie Rebecca Stein Special Needs Trust (the "Stein Trust") for the pursuit of her now-resolved wage theft claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The plaintiff has filed timely objections to the Report and Recommendation.

      The Court reviews de novo each of the elements of the Report and Recommendation as to which an objection has been filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district court may adopt those portions of the Report and Recommendation "to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not

clearly erroneous or contrary to law." Eisenberg v. New England Motor Freight, Inc., 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (citations omitted). The Court has carefully considered the thorough Report and Recommendation and the plaintiff's objections. The Court concludes that the objections have no merit and the Report and Recommendation, on de novo review, are amply supported. The Court therefore adopts the Report and Recommendation.

**I.**

The plaintiff filed multiple claims against the defendants, including claims for medical malpractice, negligence, and wage theft. The motion for attorney's fees is related only to the plaintiff's wage theft claims against the defendant, the Stein Trust, which was severed from the other claims and for which a final judgment was entered pursuant to Federal Rule of Civil Procedure 54(b) on June 5, 2019. Dkt. No. 294. The final judgment was for $19,160 plus interest, for a total amount of $22,527.92. Id. Magistrate Judge Gorenstein recommended that the plaintiff be awarded $4,400 of the $93,275 attorney's fees requested, which amounts to about 5 percent of the amount requested. The plaintiff objects to Magistrate Judge Gorenstein's reasons for reducing the number of hours billed and the hourly rates for the plaintiff's attorneys.

In Lilly v. City of New York, the Court of Appeals for the Second Circuit recently confirmed its long-standing instruction to district courts to "calculate a presumptively reasonable fee by determining the appropriate billable hours expended and setting a reasonable hourly rate, taking account all case-specific variables." 934 F.3d 222, 229-30 (2d Cir. 2019) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). In determining a reasonable hourly rate, courts should consider factors such as

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . . , the timing demands of the case, whether an attorney might have an interest . . . in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono . . . , and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill, 522 F.3d at 184. The Court of Appeals for the Second Circuit specifically re-affirmed the propriety of using the novelty or complexity of a case as a factor in determining an attorney's reasonable hourly rate. Lilly, 934 F.3d at 231-32.

**A.**

The plaintiff first objects to Magistrate Judge Gorenstein's finding that the number of compensable hours should

3

be drastically reduced from the billable hours the plaintiff sought. The plaintiff attached a Fee Chart to her motion for attorney's fees that listed hours billed for three lawyers. Dkt. No. 301-1. After a thorough review, Magistrate Judge Gorenstein correctly disregarded this Fee Chart because (1) there was a lack of detail in the Fee Chart; (2) the attorneys used block billing for long time periods that ranged incredibly up to three years; (3) entries on the Fee Chart did not align with occurrences in the record (for example, billing for travel to appear at an oral argument when no such argument occurred); and (4) time spent on services unrelated to the wage claims, which are the only claims for which attorney's fees are being sought at this time. Each of these findings was plainly correct. In addition, Magistrate Judge Gorenstein accurately noted that the vast majority of litigation efforts, including interrogatories, requests for production of documents, discovery disputes, and depositions, were expended on unrelated tort claims. The plaintiff ignores these findings and argues, without merit, only that the Fee Chart is sufficiently detailed to support the award.

Furthermore, as early as March, 2019, the Stein Trust offered to settle the wage claims for $22,500 plus legal fees. However, the plaintiff and her attorneys refused to settle and sought damages for emotional distress and punitive damages,

4

which were never sought in any complaint and which this Court found were not recoverable. The Court agrees with Magistrate Judge Gorenstein's finding that no reasonable attorney would have continued to pursue trial on the wage claims after March, 2019, given that the Stein Trust was prepared to settle for $22,500 plus legal fees, the plaintiff had sought only $16,400 in her complaint for these claims, and the judgment against the Stein Trust for only $22,527.92 was entered on June 3, 2019. In other words, from March, 2019 to June, 2019, the plaintiff pursued claims that the Stein Trust agreed to settle for substantially the same amount it had offered in settlement in March, 2019. Not satisfied, the plaintiff even sought to recover another $10,000 in fees after judgment was entered in early June, 2019.

The plaintiff's counsel did spend some time on the wage claims by including them in her complaint and amended complaints, as well as attending a settlement conference that included the wage claims. Thus, Magistrate Judge Gorenstein's use of 20 hours, as the number of hours reasonably expended, to calculate the lodestar was wholly reasonable.

**B.**

The plaintiff also objects to Magistrate Judge Gorenstein's finding that the hourly rates sought by the plaintiff's attorneys should be reduced. The Magistrate Judge properly

5

considered the Arbor Hill factors and correctly found that the wage theft claims were not unusually complex, did not demand great resources, had no particular timing demands, and that the attorneys lacked experience pursuing those claims.

The plaintiff objects to Magistrate Judge Gorenstein's finding that the lawyers lacked significant experience pursuing wage claims. The plaintiff does not explain any experience Mr. Sidney has in pursuing wage claims and touts his experience as an entrepreneur and legal commentator. Although the plaintiff provides some cases reflecting Mr. Cassell's experience in wage and hour cases, the plaintiff notably ignores the Magistrate Judge's observation that the plaintiff never provided the fees that each attorney has obtained in the legal marketplace in the past in pursuing wage claims, and still has not provided any history of such fees.

The plaintiff also objects to Magistrate Judge Gorenstein's finding that the plaintiff's attorneys' quality of work was poor and points to the fact that the plaintiff obtained 100% recovery on her wage theft claims. However, this recovery occurred when the Court granted the Stein Trust's motion to enter a judgment against itself. Dkt. Nos. 281, 291. Furthermore, the amount of the judgment was substantially the same as the initial offer of settlement. The ultimate success of the claims reflects little

or nothing about the quality of the attorneys' work in this case.

The plaintiff does not dispute Magistrate Gorenstein's characterization of the attorneys' work on the emotional distress and punitive damages claims as "poor"; rather, the plaintiff states, in a conclusory fashion, that such an example of poor work cannot be used to reduce both the number of hours <u>and</u> the hourly rate. However, there was ample other evidence of the poor work by the plaintiff's lawyers on the wage claims, such as a lack of responsiveness that led to unreasonable delay in obtaining a judgment for the plaintiff on the wage claims. In a letter filed with the Court on May 23, 2019, the lawyers for the Stein Trust explained that at least two settlement offers, which had been made to the plaintiff's attorneys, "were essentially met with silence" and the Stein Trust never received a counteroffer; furthermore, after multiple offers to pay the entire amount of judgment sought, the Stein Trust was at a loss of what more it could do. Dkt. No. 281. In addition, even setting aside the fact that the Fee Chart contained hours billed after a judgment on the wage theft claims was entered, the remaining reasons why the Magistrate Judge found the Fee Chart was an unreliable measure of hours billed are sufficient for ignoring the Fee Chart in its entirety and for finding that a reasonable number of hours expended was 20 hours. Thus, the attorneys' poor

7

performance on the emotional distress and punitive damages claims need only be taken into account in setting a reasonable hourly rate.

Courts in this district have awarded experienced wage-and-hour attorneys rates between $300 and $400 per hour. See Mondragon v. Keff, No. 15CV2529, 2019 WL 2551536, at *12 (S.D.N.Y. May 31, 2019), report and recommendation adopted, No. 15CV2529, 2019 WL 2544666 (S.D.N.Y. June 20, 2019) (collecting cases). The lower end of these rate ranges, coupled with the lack of demonstrated experience in employment law, labor law, or wage litigation by the attorneys, the lack of timing demands, limited complexity of the case, and general poor performance, justifies the Magistrate Judge's stated hourly rates of $225 for the two lead attorneys and $175 for an attorney who spent minimal hours on the claims. Therefore, the Court finds that Magistrate Judge Gorenstein's lodestar calculation is correct and agrees that the attorney's fees to be awarded, based on the hours and rates of each attorney, is $4,400.

## II.

The plaintiff did not object to Magistrate Judge Gorenstein's recommended costs of $1,003.60. The plaintiff provided no detail for "parking/gas/tolls," Westlaw and various travel costs. Thus, Magistrate Judge Gorenstein's recommendation

of $1,003.60 in costs was objectively reasonable and not facially erroneous.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Court adopts Magistrate Judge's Report & Recommendation in its entirety. Accordingly, the objections to the Magistrate Judge's findings are **overruled.** The plaintiff's motion for attorney's fees and costs (Docket NO. 301) is granted in the amount of $5,403.60. The Clerk is directed to close **Docket Nos. 301** and **324.**

**SO ORDERED.**

**Dated:    New York, New York
           January 11, 2020**

         ___/s/ John G. Koeltl_____
         **John G. Koeltl
         United States District Judge**